(Nos. 2267, 2268.   Sept. 9, 1919.)
# GEREN & HAMOND v. LAWSON.

# McKINLEY v. SAME.

### SYLLABUS BY THE COURT.

1.   On appeal from the justice court to the district court, the garnishee against whom judgment has been rendered, where it appears from the transcript of the justice that no summons was issued nor service obtained, either personally, by publication, or otherwise, against the defendant and principal debtor, and that he did not appear and waive service, a district court, on motion, properly adjudged the proceedings to be null and void, and dismissed the case, as "garnishment" is an ancillary proceeding, and not a new separate suit.                                               P. 416

2.   The statutory and constitutional provisions, that on appeals from justices of the peace to the district courts the case appealed shall be tried de novo, mean that such cases shall be so tried when the justice court had jurisdiction.   If the justice court had no jurisdiction of the case, the district court, on appeal from the justice court, acquires none by such appeal, and it cannot be tried de novo.            P. 416

Error to District Court, Otero county; Medler, Judge.

Separate actions by Geren & Hamond and by E. D. McKinley against one Demier, with garnishment against J. L. Lawson.   Judgments against garnishee in justice court, and he appealed to district court, wherein his motion for a dismissal of cases was granted, and plaintiff in each case brings error.   Judgment dismissing appeals affirmed.

L. R. YORK and LEO L. HEISEL, both of Alamogordo, for plaintiffs in error.

F. C. WILSON and D. K. SADLER, both of Santa Fe, for defendant in error.

### OPINION OF THE COURT.

RAYNOLDS, J.   The facts in these two cases are identical, except as to the amounts involved.   Plaintiffs

in error brought garnishment proceedings against defendant in error, Lawson, and obtained a judgment against him in the justice court, he appealed to the district court, and, upon his motion for a dimissal of the cases in the district court being granted, plaintiffs in error appealed to this court. No process was issued of served upon Demier, the defendant below. He did not enter his appearance, waive service, nor was he made a party by publication or otherwise.

[**1**] We hold that the district court rightfully dismissed the cases. Garnishment is an ancillary remedy to the main action under which it is brought, and not a separate suit. 20 Cyc. p. 979. Where the court has failed to acquire jurisdiction of the defendant in the principal action by any of the methods authorized by the statute, garnishment proceedings based on the principal action are void. 20 Cyc. p. 1033. From the fact that the garnishee, as in this case, had money or credits in his possession or under his control which belonged to the principal debtor, it does not follow that this money or these credits were rightfully the property of the plaintiff, in the absence of an adjudication to that effect in the main suit between the debtor and creditor, and until these rights are determined a judgment against the garnishee in favor of the creditor is a nullity.

[**2**] It is urged that on appeal to the district court the case should have been tried de novo under the statute (section 3224, Code 1915) and the Constitution (article 6, § 27). Justice courts and district courts have concurrent jurisdiction in many cases; but where a case is begun in the justice court, and an appeal taken to the district court, if the justice has no jurisdiction, there is nothing to try de novo, and the case, on proper motion, should be dismissed. See Pointer v. Lewis, 25 N. M. 260, 181 Pac. 428, where the former decisions by the court are discussed and reviewed.

Finding no error in the record, the judgment in the

district court, dismissing the appeal from the justice court, is affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.