[No. 2950.   April 30, 1926.   Rehearing Denied
Aug. 23, 1926.]

## MAYO v. GEORGE.

[248 Pac. 885.]

### SYLLABUS BY THE COURT

1.   Garnishment is an ancillary remedy and falls with the main action.

2.   A timely appeal from judgment against plaintiff in the main action, with supersedeas, preserves the lien of the garnishment.

3.   After judgment against plaintiff in the main action, and in the absence of supersedeas or temporary stay, judgment may be rendered against the garnishee in suit by his creditor.

4.   One who has been served with garnishment process is not entitled to stay of proceedings in the action of his creditor under Laws of 1917, c. 76, after entry of judgment against the plaintiff in the garnishment suit and before appeal therefrom and supersedeas thereof.

5.   One served with garnishment, against whom his creditor has taken judgment after dismissal of the cause in which garnishment issued and before appeal and supersedeas of the judgment of dismissal, is entitled to a stay, under Laws of 1917, c. 76, if plaintiff in the garnishment suit thereafter appeals and supersedes the judgment of dismissal.

6.   A party consenting to substitution of an adverse party cannot object thereto on appeal.

Appeal from District Court, Colfax County; Leib, Judge.

Action by William H. Mayo against G. T. George, in which Lillie J. Clement was substituted for the named plaintiff, who died. From a judgment for plaintiff, defendant appeals. Affirmed and remanded, with directions.

J. Leahy, of Raton, for appellant.

F. S. Merriau, of Raton, for appellee.

[1]   3CJ p. 1263 p. 85; p. 1273 n. 59; p. 1298 n. 32;   28CJ p. 21 n. 92; p. 22 n. 99; p. 272 n. 51, 54 New.   [2, 3] 28CJ p. 272 n. 53; 359 n. 95.   [4, 5] 3CJ p. 1276 n. 80 New.   [6] 4CJ p. 718 n. 31; p. 719 n. 37 New.   [7] 28CJ p. 25 n. 56 New; p. 261 n. 15.

### OPINION OF THE COURT

WATSON, J.   September 15, 1922, William H. Mayo commenced suit in the district court of Colfax County against appellant, G. T. George, upon a promissory note, claiming a balance due of $1,310.52, for which, with interest, he prayed judgment.   October 20, 1922, appellant answered, admitting the indebtedness, and setting up as an affirmative defense that in May, 1922, he had been served with a garnishment writ in a suit in the same county, wherein Marion White and Lillie George were plaintiffs and said William H. Mayo was defendant; that he had   answered said garnishment disclosing an indebtedness to said Mayo in the sum of $1,310.52 and interest; praying that no further action be taken, and that no judgment be rendered, until said garnishment writ should be discharged.   April 23, 1923, upon motion, to which appellant's attorney consented in writing, an order was made substituting Lillie J. Clement, the appellee, as plaintiff, instead of said William H. Mayo, who had previously died.   January 4, 1924, by leave of court, appellee, said substituted plaintiff, filed a reply alleging that on December 29, 1923, the suit in which the writ of garnishment was issued was dismissed with prejudice, whereby the writ of garnishment was automatically discharged, and praying for judgment.   On the same day she gave notice of final hearing to be had on January 10, 1924; on which date, after overruling appellant's objections, the district court gave judgment for appellee for the amount claimed.   From that judgment, this appeal was taken.

Whether the service of a writ of garnishment should abate a suit by the creditor to recover his debt from the garnishee, or whether it should result in a stay of proceedings or merely in a stay of execution, is a question upon which the courts are divided.   12 R. C. L. "Garnishments," § 100; Drake on Attachments, § 700 et seq. That question, however, does not arise in this case. While no order was entered staying proceedings, no further proceedings were had until dismissal of the cause out of which the garnishment writ issued.

The record before us shows that on March 29, 1924, an appeal and supersedeas were granted to plaintiffs in the suit in which the garnishment writ issued. Both parties, for one reason or another, call attention to and rely upon this fact. We cannot see how it is material. Whether the judgment under review is erroneous cannot depend upon something which took place after its rendition and entry.

It is appellant's principle contention that under our garnishment statute, although the plaintiff may have failed in his main action, the lien of the writ continues throughout the period within which an appeal may be taken; that during such time the garnishee is, under Code 1915, § 2535, forbidden to pay his debt or deliver any effects in his hands, and that, consequently, the creditor cannot, during such time, recover judgment upon such debt, or for the recovery of such effects. He takes the position that the garnishee is to be protected against the possibility of a double liability, and that so long as it is possible for the plaintiff in the garnishment suit to appeal from and reverse the adverse judgment, the garnishee pays the debt at his peril, and so cannot be compelled to pay it.

On the other hand, appellee takes the position that garnishment is merely ancillary to the main suit; that when the main suit fails the garnishment fails with it, and that, unless an appeal is actually taken and supersedeas allowed, there is nothing to prevent the garnishee from paying his debt, and nothing to prevent the rendition of judgment therefor.

Garnishment is purely a statutory remedy, and a somewhat harsh one. It is remedial in its nature, and its wise purpose should not be defeated by narrow construction. In its general operation, however, it is bound to cause more or less annoyance and expense to those charged as garnishees, and it is not to be presumed that the Legislature intended to make the remedy unnecessarily vexatious. If appellant's position

were correct, the lien of a writ of garnishment would always hold for six months after the failure of the principal suit. Indeed, at the time of the adoption of the statute, in 1909, it would have held a year. Unless it is unmistakable, we should hesitate to attribute to the Legislature the intention to create so oppressive a lien.

Appellant cites no authority to sustain his contention, but argues that any other rule would, in effect, deprive the plaintiff in the garnishment proceedings of the fruits of the possible reversal of the adverse judgment, or would result in a double liability on the part of the garnishee.

The authorities are in apparent agreement that the lien of the garnishment is not lost by an adverse judgment in the main action if a timely appeal be taken therefrom. 28 C. J. "Garnishments," §§ 380 and 568; Waples on Attachment and Garnishment, p. 521; Rood on Garnishment, § 407; Drake on Attachment, § 460. Does it follow that without taking or giving notice of intention to take appeal, and without a stay or supersedeas, the lien remains in full force throughout the period during which an appeal may be taken, so that the garnishee can pay his creditor only at his peril?

The effect of service of garnishment for a debt is prescribed by Code 1915, § 2535. After such service, the garnishee may not pay his creditor. The statute does not expressly put an end to this inhibition. The only provision for discharge of the writ is in case the uncontroverted answer of the garnishee shows that he was not indebted to the defendant. Code 1915, § 2536. No one would contend, however, that the inhibition is perpetual. The garnishment statute must be construed in the light of other statutory provisions and of general principles of law and procedure. It contains no provision for appeal and supersedeas, but we assume, as do the parties, that the Appellate Procedure Act (chapter 43, Laws 1917) is applicable.

[1]     Garnishment is an ancillary remedy. Geren v.

Lawson, 25 N. M. 415, 184 P. 216. To support it there must be a principal action. The lien of a garnishment cannot begin until such main action has been instituted. It canot continue after such main action has been dismissed. This will be conceded; but it is contended, in effect, that the main action is not to be considered dismissed so long as there is an opportunity to appeal from the judgment of dismissal. This position we do not think is maintainable. A judgment of the district court is final. The right to appeal does not suspend its force. Even the taking and perfecting of an appeal does not stay execution unless the required steps are taken to supersede the judgment. Llewellyn v. Bank, 22 N. M. 358, 161 P. 1185. Executors and administrators are, by the statute, allowed supersedeas without the giving of bond; but, if they fail to take the appeal within the time generally allowed for supersedeas, they waive the right. Sakariason v. Mechem, 20 N. M. 307, 148 P. 352. Thus, under our system the judgment of the district court continues in full force unless and until the prescribed steps are taken to suspend its effect. Although the statute allows 60 days within which to obtain a supersedeas, execution is not stayed until the supersedeas is actually effected. In the meantime the judgment is in full force. Llewellyn v. Bank, supra.

From these established principles, it seems to us to result that, when the principal action was dismissed by the judgment of the district court, the garnishment lien lost its necessary support and fell. At that moment, and until supersedeas of the judgment, there was nothing to prevent voluntary payment by, nor entry of judgment against, the garnishee.

[**2, 3**] It cannot be said that, so holding, we deprive the plaintiff in the garnishment suit of the right to an effective appeal. It is quite possible for him to supersede the judgment within the time within which the other suit can be brought on for hearing. The court in which both of these actions were pending, no doubt,

had power, and would not have refused, to grant a temporary stay, had the plaintiff in the garnishment suit prayed for an appeal and for a reasonable time within which to arrange for a supersedeas bond. A party confronted with an adverse judgment must always consider the circumstances in which he is placed and determine for himself whether the securing of his rights demands an immediate stay or supersedeas, or whether he may safely delay.

[**4, 5**]    Nor do we see, in our construction of the statute, any danger of imposing a double liability upon the garnishee. In this case, since he filed a supersedeas bond, we presume that he has not satisfied the judgment. If he had paid it before supersedeas of the judgment in the garnishment action, such payment would have been a defense to the writ, which he could have interposed by supplemental answer. On the affirmance of the judgment now under review, he becomes a judgment debtor, entitled, upon application, to a stay of execution pending final disposition of the garnishment proceedings, and to credit upon the judgment for the amount he may be therein charged with. Laws of 1917, c. 76.

We have examined the decisions cited to the sections in Rood, Drake, Waples, and Corpus Juris, mentioned supra, and find nothing irreconcilable with the views herein expressed.

Appellant questions the right of the court to provide in the judgment for issuance of execution forthwith, urging that he was entitled to a stay under Laws of 1917, c. 76. When the judgment was rendered, for reasons already stated, he was not in the position of one "served with process of garnishment" within the meaning of the act.

[**6**]    Some objection is made to the substitution of Lillie J. Clement as plaintiff. Appellant having consented to it at the time, we do not think he is in a position to question it now.

Other errors were assigned, but not having been argued, are deemed waived.

Having found no error, we affirm the judgment. The cause will be remanded, with direction to the district court to enter judgment against appellant and the sureties on his supersedeas bond, and to enforce such judgment unless it shall be made to appear that, because of garnishment proceedings pending on appeal, proceedings on such judgment should be stayed pursuant to Laws of 1917, c. 76, and the views herein expressed; and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.