[No. 3159. April 18, 1928.]

STATE v. BOARD OF COUNTY COM'RS. OF COLFAX COUNTY.

[267 Pac. 72.]

Thomas A. Whelan, Dist. Atty., of Clayton, and Fred J. Voorhees, Asst. Dist. Atty., of Raton, for appellant.

Fred W. Wilson, Atty. Gen., and Robert C. Dow, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

WATSON, J.  Suit commenced in June, 1925, on behalf of the state penitentiary, against the board of commissioners of Colfax county for the maintenance, during 1921 and 1922, of two prisoners.

The answer alleged that these men had been convicted of felonies in the district court of Colfax county, and had appealed; that the district court erroneously committed them to the penitentiary as convicts, and that they were received by the penitentiary under such commitments, and treated as such convicts; and that the district court never ordered said prisoners removed to the penitentiary for safe-keeping.

The answer further alleged that there was no contract, express or implied, for the safe-keeping, custody, or maintenance of said prisoners; and that, if there was such contract, it would be void, "for the reason that * * defendant * * * could not enter into a binding contract, or become indebted for any purpose whatever, during any of the years alleged in said complaint, that could not be paid out of the money actually collected and belonging to said year or years."

Upon the sustaining of the state's demurrer to this answer, and upon the failure of the defendant board to plead further, judgment was entered for the sum prayed, and it was ordered that, if funds were not available to pay it, a tax levy be made to satisfy it.

The board has appealed, and submits two points: (1) That there is no liability; and (2) if there is liability, it is not a general liability for the satisfaction of which a tax levy may be required, but is payable only from county funds of the years in question.

Upon the first point, the controlling statute is chapter 92, Laws of 1919, which reads as follows:

"Section 1.  Whenever the public welfare or the safe custody of a prisoner shall require any district judge in the state of New Mexico in his discretion may order any person charged with the commission of a crime, or any person in the custody of the sheriff of any county in the district of the said judge to be removed to

another county jail, or to the state penitentiary, or to any other place of safety, when, in the opinion of the said district judge, it is advisable that such person or persons shall be removed for any purpose whatsoever.

"That where a person, on the order of any district judge has been placed in the state penitentiary or a county jail for safe keeping, the expense incurred by said penitentiary or the sheriff of any county for the maintenance of said prisoner, shall be borne by the county from which said prisoner has been ordered, and said bill of expense shall be made a preferential bill of expense and shall be paid in full before any bill, fees or salaries of such county are paid; provided, however, that the said state penitentiary or sheriff shall only charge for the maintenance of said prisoner the legal rate now allowed by law."

By the answer, it appears that these prisoners had been convicted of felonies, and had appealed. By fair inference, therefore, they were in the custody of the sheriff pending appeal. It will not be assumed that a court would have committed them if they had given bond, nor that they would have submitted to such commitment. In such case the statute authorizes the district judge to order the prisoners removed to the penitentiary for safe-keeping, and requires the expense of maintenance to be borne by the county. It also appears that the penitentiary has been to an expense which the law casts upon the county. The only doubt of the county's liability is raised by the fact that the prisoners were committed as convicts instead of having been removed for safe-keeping, and the further fact that, during their confinement, they were treated as convicts, and performed labor as such.

The most reasonable explanation of this unusual occurrence is, as it seems to us, that the issuance of a commitment instead of an order of removal was an inadvertence of some court official. The district court of Colfax county is clearly chargeable with notice of the taking of the appeals, and, with that knowledge, would not have proceeded to the execution of judgment. It must have been the intent of the court to remove the prisoners for safe-keeping. The penitentiary was clearly under the duty of receiving and maintaining them, they having been delivered, with commitments, by the sheriff of Colfax county. The penitentiary has, therefore, under competent authority, performed a duty which it was for the county to per-

form or pay for. That these prisoners performed labor as convicts is a matter of which they might perhaps complain, but we do not see how Colfax county can complain of it, or wherein it has suffered injury thereby. So we hold that the court correctly adjudged a liability against the county.

■ The second point arises under the "Bateman Act" (Code 1915, §§ 1227-1233). Appellant admits that a claim for boarding county prisoners is preferred, and is to be paid in full each quarter before any other claims are paid or prorated. But it contends that this does not vary the rule that no debt may be paid from funds of other years than that in which it was incurred. It contends that these are claims or debts which were not, and cannot be, paid out of 1921 and 1922 funds, and hence are void, unless there should now be, or should hereafter accrue, funds belonging to those years. This contention seems to be in accord with the letter of the act.

Appellee contends that the question is not before us; since the answer fails to allege that the 1921 and 1922 funds of the county are not sufficient to satisfy their respective parts of the claim. The judgment, however, assumes that those funds might not be sufficient, and requires that, in case they are not, a tax levy be made. So we must determine whether that part of the judgment can stand.

Appellee also contends that the Bateman Act cannot be so applied as to render void an indebtedness to the state. Otherwise it would conflict with Constitution, art. 4, § 32, which prohibits the Legislature from remitting, releasing, etc., indebtedness due to it from any person, association, or corporation. Considering the language of this constituional limitation, and its probable purpose, we have doubt as to the correctness of this contention. We need not decide the question, since we find another principle controlling.

We do not think the Bateman Act should be applied in a case where the state itself is the creditor. The evil to be avoided is well understood. We need not repeat what

has been said on that subject. The evil did not include the proneness of county and other boards to incur excessive indebtedness to the state. There is no reason to suppose that indebtedness to the state was contemplated. On the same principle that statutes of limitation do not run against the state (Hagerman v. Territory, 11 N. M. 156, 66 P. 526; 27 C. J. 710 et seq.) we think that a statute declaring indebtedness void under certain' circumstances should not affect indebtedness to the state, unless the state is expressly named in the statute as subject to its provisions.

It follows that the judgment is correct. It will be affirmed, and the cause remanded.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.