424 P.2d 801

STATE of New Mexico ex rel. New Mexico STATE HIGHWAY COMMISSION, Plaintiff-Appellant,

v.

CITY OF AZTEC, New Mexico, a municipal corporation, Defendant-Appellee.

No. 8125.

Supreme Court of New Mexico.

March 6, 1967.

Boston E. Witt, Atty. Gen., Joseph L. Droege, George E. McDevitt, Sp. Asst. Attys. Gen., for appellant.

Clement Koogler, Aztec, for appellee.

## OPINION

SPIESS, Judge, Court of Appeals.

The State Highway Commission of New Mexico has appealed from a judgment dismissing a complaint filed by it against the City of Aztec, New Mexico. We will refer to the parties as the "Commission" and the "City."

The sole question presented by this appeal is whether the conditions imposed by Art. IX, § 12 of the Constitution of New Mexico upon the debt contracting power of a city apply to the incurring of municipal indebtedness to an agency of the State.

Art. IX, § 12 is as follows:

"No city, town or village shall contract any debt except by an ordinance, which shall be irrepealable until the indebtedness therein provided for shall have been fully paid or discharged, and which shall specify the purposes to which the funds to be raised shall be applied, and which shall provide for the levy of a tax, not exceeding twelve mills on the dollar up-

on all taxable property within such city, town or village, sufficient to pay the interest on, and to extinguish the principal of, such debt within fifty years. The proceeds of such tax shall be applied only to the payment of such interest and principal. No such debt shall be created unless the question of incurring the same shall, at a regular election for councilmen, aldermen or other officers of such city, town or village, have been submitted to a vote of such qualified electors thereof as have paid a property tax therein during the preceding year, and a majority of those voting on the question, by ballot deposited in a separate ballot box, shall have voted in favor of creating such debt."

The undisputed facts involved are as follows:

The City and the Commission joined in the execution of a cooperative agreement by which each would share the cost of the construction of a storm sewer to be built in connection with and as a part of a highway project within the corporate limits of the City. By the agreement the City undertook to obligate itself to pay the Commission the sum of $27,805.00 as its share of the construction cost. The sum to be due and payable upon completion of the project.

The cooperative agreement was approved by the City Council and executed in behalf of the City by the mayor and city clerk. No ordinance was passed authorizing the creation of the indebtedness. Nor was provision made for the levy of a tax upon taxable property within the City to pay and discharge the obligation. The question of incurring the debt was not submitted to a vote of the qualified electors of the City.

It is conceded by the parties that the City did not have sufficient funds to pay the obligation imposed by the cooperative agreement at the time it was executed or at any time thereafter. Also that the cooperative agreement involved the creation of a debt in the accepted or constitutional sense.

The trial court after hearing concluded that in the absence of compliance with the requirements of the constitutional provision above mentioned no enforceable obligation had been created against the City and dismissed the complaint.

The Commission concedes that the indebtedness claimed to be owing it would be unenforceable under the facts present here if held by an individual rather than the State. It is argued that the constitutional provision is not to be construed as applying to the creation of an indebtedness to the State.

Under the rule that usual principles governing the construction of statutes apply also to the interpretation of constitutions the Commission invokes the canon of construction that a sovereign is presumptively not intended to be bound by its own statute unless included by the clearest implication.

See State v. Board of County Commissioners of Colfax County, 33 N.M. 340, 267 P. 72 (1928); State v. Roy, 41 N.M. 308, 68 P.2d 162 (1937).

In determining whether this exclusionary rule is applicable we bear in mind that it is but a rule of construction and consideration must be given to the purpose and scope of the constitutional provision involved.

In Lanigan v. Town of Gallup, 17 N.M. 627, 131 P. 997 (1913) referring to the constitutional provision involved here we said:

"Experience has demonstrated that it is necessary to place a check or curb upon the power of municipalities to incur indebtedness which future generations will be called upon to repay. Given unbridled power in this regard, such municipalities are prone to contract large debts, for purposes which at the time seem desirable thereby imposing an unjust burden upon the future tax payers. Indeed, in many instances this unrestrained power led to the bankruptcy of the governmental agency and the ruin of the property owners. Various devices have been resorted to in order to prevent the incurring of such extravagant and onerous indebtedness. The constitutional limitation on the power, although of recent origin, is now chiefly relied upon and is generally adopted by most of the states; the design being to place a reasonable limitation upon the exercise of the power, thereby preventing its abuse, but at the same time giving to the municipality a reasonable leeway, so that it will not be unduly hampered in providing for the needs of the community."

It seems obvious that the intent and object to be accomplished was to safeguard the municipality and its citizens from ruinous taxation. The fact that an excessive indebtedness might be owing to an agency of the state instead of an individual does not alter the effect.

No convincing reason is advanced why citizens of a municipality should not receive the same protection when the state as well as an individual comes within the sweep of the constitutional provision nor why its all embracing language should not afford protection against the incurring of excessive indebtedness to a state agency.

We have been cited to no case nor have we found any where sovereign immunity has been considered to be applicable to a constitutional provision of the type involved here.

The Commission cites and places reliance upon State v. Board of County Commissioners of Colfax County, supra. We were there considering the Bateman Act which provides that county indebtedness is void to the extent that it can not be paid from funds of the current year. We held that the act did not apply to an indebtedness owing to the State in that the

State was not expressly named in the statute. We see no reason for extending State v. Board of County Commissioners of Colfax County, supra, to the interpretation of the constitutional provision being now considered.

The judgment is affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.