507 P.2d 785

POSTAL FINANCE COMPANY,
Plaintiff-Appellee,

v.

Pete SISNEROS, Jr. and Margaret E. Sisneros, his wife, Defendants,

v.

STATE of New Mexico, DEPARTMENT OF FINANCE AND ADMINISTRATION.
Garnishee-Appellant.
No. 9541.

Supreme Court of New Mexico.
March 9, 1973.

David L. Norvell, Atty. Gen., Thomas L. Dunigan, Prentis Reid Griffith, Jr., Asst. Attys. Gen., Santa Fe, for garnishee-appellant.

Cotter, Atkinson, Campbell & Kelsey, John M. Kulikowski, Albuquerque, for plaintiff-appellee.

OPINION

McMANUS, Chief Justice.

Plaintiff, Postal Finance Company, filed suit in the District Court of Bernalillo County to recover an unpaid debt from Sisneros, defendant. After a hearing, the court entered its judgment in the amount of $544.92 in favor of plaintiff. Postal Finance Company applied for a writ of garnishment against garnishee, State of New

Mexico, Department of Finance and Administration. The same district court issued its judgment ordering garnishee to pay the principal amount of the initial judgment plus costs and attorney fees. Garnishee appeals.

Appellant bases its appeal on the theory that the District Court of Bernalillo County does not have subject matter jurisdiction to issue a writ of garnishment where the unpaid balance of a judgment does not exceed the jurisdictional amount of the several magistrate courts having venue in Bernalillo County.

Article VI, § 13, of the New Mexico Constitution, provides in part:

"The district court shall have original jurisdiction in all matters and causes not excepted in this Constitution, and such jurisdiction of special cases and proceedings as may be conferred by law, and appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts, and supervisory control over the same. The district courts, or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition, and all other writs, remedial or otherwise in the exercise of their jurisdiction; provided, that no such writs shall issue directed to judges or courts of equal or superior jurisdiction."

Appellant claims that garnishment is a "special case or proceeding"; that therefore garnishment jurisdiction of the district court is conferred by law; that the applicable statute, § 36–14–16, N.M.S.A. 1953, only gives the district court jurisdiction if the debt or sum claimed exceeds the jurisdictional amount of any magistrate court having venue within the county in which the district court is located; and that the result of § 36–3–3, N.M.S.A. 1953, is a jurisdictional limit of $2,000 for magistrate courts of the Bernalillo district.

On the other hand, appellee believes that a writ of garnishment is "remedial"; that garnishment is an ancillary remedy to the

main action over which the district court had jurisdiction; and that district courts therefore have the constitutional power to issue such a writ "in the exercise of their jurisdiction."

It is true that garnishment is a special proceeding. This court, in In re Forest, 45 N.M. 204, 113 P.2d 582 (1941), defined special statutory proceedings as those "unknown to the common law." Generally, the remedy of garnishment was considered not to exist at common law and is now regarded as in derogation of the common law. See Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905); Loewe v. Savings Bank of Danbury, 236 F. 444 (2nd Cir. 1916), aff'd, 242 U.S. 357, 37 S.Ct. 172, 61 L.Ed. 360 (1917). At least eight states have declared garnishment to be special, summary, or extraordinary proceedings: Kansas, Kentucky, Michigan, Missouri, New Jersey, Pennsylvania, Texas and Wisconsin. See 6 Am.Jur.2d, Attachment and Garnishment, § 9 (1963), footnote 15.

It is also true that garnishment is a remedial writ, ancillary to the main action. Mayo v. George, 31 N.M. 593, 248 P. 885 (1926); Geren v. Lawson, 25 N.M. 415, 184 P. 216 (1919). It may properly be included in the general category, "all other writs, remedial or otherwise."

▪ Where possible, each and every part of the statute must be given some effect in an effort to reconcile it in meaning with every other part. Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017 (1949). The usual principles governing the construction of statutes also apply to the interpretation of constitutions. State v. City of Aztec, 77 N.M. 524, 424 P.2d 801 (1967). In the case before us it is possible to construe the two provisions in such a way that both are given effect and are brought into harmony.

▪ Because the first provision is directed specifically to "special cases and proceedings" and the second provision is directed in more general language to "all other writs, remedial or otherwise," we ap-

ply the rule that general language of a statute will be limited by specific language. State v. Morley, 63 N.M. 267, 317 P.2d 317 (1957).

Therefore, we hold that the district courts have jurisdiction to issue writs of garnishment in the exercise of their jurisdiction in the main action to the extent that jurisdiction over such special proceedings as garnishment is conferred by law. What district court jurisdiction over garnishment proceedings has been conferred by law? That which appears in § 36–14–16, supra.

In this case the District Court of Bernalillo County did not have jurisdiction to issue the writ because the amount in question, $544.92, was not in excess of the jurisdictional amount of magistrate courts having venue within Bernalillo County, $2,000.

Reversed and remanded with instructions to dismiss the proceedings.

It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.