587 P.2d 438

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Linda MARTINEZ, Defendant-Appellee.**

**No. 3620.**

Court of Appeals of New Mexico.

Sept. 12, 1978.

Rehearing Denied Supreme Court Order
Quashing Certiorari Nov. 15, 1978.

Toney Anaya, Atty. Gen., Don D. Montoya, Dennis P. Murphy, Asst. Attys. Gen., Santa Fe, for plaintiff-appellant.

Joseph A. Sommer, Sommer, Lawler & Scheuer, P.A., Santa Fe, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of two counts of fraud over $2,500. We are not concerned here with defendant's appeal. After the verdicts were returned, the trial court held that conviction of one of the counts was barred by the statute of limitation. The State has appealed that ruling. We discuss: (1) commencement of prosecution; (2) tolling; and (3) whether tolling may be applied.

*Commencement of Prosecution*

A criminal complaint was filed in magistrate court on August 5, 1977 charging that defendant committed fraud over $2,500 on August 7, 1974. On August 25, 1977 an indictment was filed which charged the same offense. Defendant was convicted of this charge; the trial court vacated the jury's verdict, and dismissed the charge because "the indictment was not returned by the Grand Jury within three years of the date of the commission of the offense".

The fraud involved was a third degree felony. Section 40A–16–6, N.M.S.A.1953 (2d Repl.Vol. 6). The limitation period, as stated in § 40A–1–8, N.M.S.A.1953 (2d Repl. Vol. 6) reads:

No person shall hereafter be prosecuted, tried or punished in any court of this state, unless the indictment shall be found or information or complaint filed therefor within the time hereinafter provided:

\* \* \* \* \* \*

D. for a third or fourth decree felony, within three [3] years from the time the crime was committed[.]

A prosecution may be commenced by the filing of a complaint. Rule of Crim. Proc. 5. See also Rule of Crim.Proc. for Magis.Cts. 4 and *State v. Ergenbright,* 84 N.M. 662, 506 P.2d 1209 (1973).

In this case the complaint, filed August 5, 1977 for an offense committed August 7, 1974, was filed within the three-year period. The prosecution commenced by the complaint was filed within the time requirement of § 40A–1–8, supra.

The complaint charged a felony. The magistrate's jurisdiction over the complaint was to conduct a preliminary hearing and, if probable cause was found that defendant committed an offense, to bind defendant over to district court for trial. N.M.Const., art. II, § 14; Rule of Crim.Proc. 20; Rule of Crim.Proc. for Magis.Cts. 15.

In the district court the prosecution proceeds either on the basis of indictment or information. N.M.Const., art. II,

§ 14. The choice is the State's. *State v. Peavler,* 88 N.M. 125, 537 P.2d 1387 (1975). The State proceeded by indictment, with the result that defendant was no longer entitled to a preliminary hearing. *State v. Peavler,* supra.

■ Although the complaint was filed within the three-year period provided in § 40A–1–8, supra, the indictment, filed August 27, 1977, was not within the three-year period. The trial court applied the time limitation to the filing of the indictment rather than the filing of the complaint. The State contends this was incorrect. Under the circumstances of this case, we agree.

*Tolling*

Once the indictment was filed, the magistrate could no longer proceed with a preliminary examination. Consistent with Rule of Crim.Proc. for Magis.Cts. 15(e), the prosecution filed a voluntary dismissal in the magistrate court which informed the magistrate of the indictment. The magistrate dismissed the complaint, pursuant to Rule of Crim.Proc. for Magis.Cts. 17(a) on September 8, 1977.

At the time the indictment was filed, the magistrate court complaint was pending. In *State v. Thoreen,* 91 N.M. 624, 578 P.2d 325 (Ct.App.1978), we posed, but did not answer, the question as to whether in this situation "the indictment was a continuation of the charges in the complaint for purposes of the statute of limitation". Since upon being advised that a defendant was indicted prior to the preliminary examination "the magistrate shall take no further action in the case," Rule of Crim.Proc. for Magis.Cts. 15(e), it would seem that charges initiated by the complaint in the magistrate court should be considered as continued by the indictment.

Civil cases consider whether the later case is a "continuation" of the earlier case. Section 23–1–14, N.M.S.A.1953 (Vol. 5); *State ex rel. Brown v. Hatley,* 80 N.M. 24, 450 P.2d 624 (1969). However, in criminal cases, the limitation question is usually discussed in terms of tolling. See Annot., 90 A.L.R. 452 (1934). We view the "continuation" consideration to be valid, however, we decide the case on the basis of "tolling".

■ Upon the filing of the indictment prior to dismissal of the complaint, the indictment was timely because the limitation period was tolled by the filing of the complaint. *United States v. Grady,* 544 F.2d 598 (2d Cir. 1976); *United States v. Panebianco,* 543 F.2d 447 (2d Cir. 1976); *United States v. Wilsey,* 458 F.2d 11 (9th Cir. 1972); *United States v. Garcia,* 412 F.2d 999 (10th Cir. 1969); *State v. Morris,* 81 Idaho 267, 340 P.2d 447 (1959); *State v. Donoho,* 190 Neb. 593, 210 N.W.2d 850 (1973).

*Whether Tolling May be Applied*

(a) Section 40A–1–9, N.M.S.A.1953 (2d Repl.Vol. 6) covers specific instances when the limitation period is tolled. Relying on the rule, *expressio unius est exclusio alterius,* defendant claims that tolling may not be applied in this case. He contends that having stated the situations in which tolling occurs, the Legislature excluded all other tolling situations.

■ "The maxim 'expressio unius est exclusio alterius' is only an aid to construction and not a rule of law . . . and is of limited application". *Wilson v. Rowan Drilling Co.,* 55 N.M. 81, 227 P.2d 365 (1950).

■ The aim of statutory construction is to arrive at the legislative intent; rules of construction are but aids in determining legislative intent. *Montoya v. McManus,* 68 N.M. 381, 362 P.2d 771 (1961).

■ Section 40A–1–9, supra, provides for the tolling of the limitation period when, because of procedural problems, the prosecution cannot proceed. The statute covers situations such as a defendant's flight or concealment, a lost indictment, an arrested judgment, a quashed indictment and dismissal because of a variance between the charge and proof. Section 40A–1–9, supra, does not expressly apply to the voluntary dismissal of the complaint in this case, nor did the Legislature intend it to apply.

Section 40A–1–9, supra, shows a legislative intent that the limitation period is not to be utilized to bar a prosecution delayed by procedural problems. This statute does not show a legislative intent to bar a prosecution not beset with procedural problems; rather, application of the tolling rule in this case is consistent with the legislative intent in § 40A–1–9, supra.

In our opinion, § 40A–1–8, supra, shows a legislative intent that the tolling rule applies to this case. Although a felony charge may be initiated by the filing of a complaint, the felony must be prosecuted by indictment or information. N.M.Const., art. II, § 14. At some point the complaint is superseded by an indictment or information. However, § 40A–1–8, supra, does not distinguish between complaint, indictment or information. Rather, the statute provides that a complaint, charging a felony, may be filed within the specified time limitation. By including a complaint charging a felony within the time limitation, the Legislature intended that the time of filing the superseding indictment or information should not control the limitation question.

Defendant's claim that the rule of construction relied on prevents application of the tolling rule is without merit. Compare *United States v. Wilsey,* supra; *State v. Morris,* supra.

(b) *State v. Bilbao,* 38 Idaho 92, 222 P. 785 (1923), relied on by defendant, is of no assistance. The Idaho statute under consideration in *Bilbao* did not apply to a complaint. Compare *State v. Morris,* supra.

(c) *State v. Fogel,* 16 Ariz.App. 246, 492 P.2d 742 (1972) is also relied on by defendant. *Fogel* holds "that the return of an indictment on which no valid conviction or judgment can be had will not operate to toll the running of the statute of limitations pending the return or filing of a valid indictment or information in the absence of a statute expressly so providing." *Fogel* is not applicable; there is no claim that the complaint was invalid and § 40A–1–9, supra, has a tolling provision.

(d) Defendant asserts that application of the tolling rule would lead to absurd results; that in this case the filing of the complaint would toll the limitation period indefinitely. We disagree. The prosecution could be dismissed if defendant should be significantly prejudiced by a delay in prosecution of the criminal charge. *United States v. Panebianco,* supra. If there is a dismissal for failure to prosecute, a new prosecution would be barred if initiated after the limitation period expires. *United States v. DiStefano,* 347 F.Supp. 442 (D.C. N.Y.1972); see *State v. Shawan,* 77 N.M. 354, 423 P.2d 39 (1967).

(e) Defendant contends that limitation periods are to be construed liberally in favor of an accused, and against the prosecution. *State v. Fogel,* supra. Assuming this is true, it does not aid the defendant. Liberal construction cannot avoid the fact that the felony prosecution, initiated by a complaint, was timely filed and that New Mexico's system for prosecuting felonies requires that the complaint be superseded by an indictment or information.

Defendant has not demonstrated why the tolling rule should not be applied. Under the circumstances of this case, the limitation period was tolled upon the filing of the complaint. The trial court erred in reckoning the limitation period from the filing of the indictment, and in failing to reckon the limitation period from filing of the complaint.

The order of the trial court setting aside the jury verdict of guilty and dismissing Count I is reversed. The cause is remanded with instructions to reinstate the jury verdict.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.