722 P.2d 643

**George F. HANNETT, Petitioner-Appellant,**

v.

**Clara P. JONES, Secretary of State,**

and

**Bruce P. Moore, Real Party-In-Interest-Appellee.**

No. 16353.

Supreme Court of New Mexico.

July 22, 1986.

Rehearing Denied Aug. 20, 1986.

Stephenson, Carpenter, Crout & Olmsted, Charles D. Olmsted, Paula A. Johnson, Catron, Catron & Sawtell, W. Anthony Sawtell, Santa Fe, N.M., for petitioner-appellant.

Paul Bardacke, Atty. Gen., Carolyn A. Wolf, Asst. Atty. Gen., Santa Fe, N.M., for Secretary of State.

Bruce P. Moore, Albuquerque, N.M., Duhigg, Cronin & Spring, Catherine Gordon, for real party-in-interest-appellee.

## OPINION

STOWERS, Justice.

Petitioner George F. Hannett brought an action in district court challenging the qualifications of the real party in interest, Bruce P. Moore, to hold the office of judge of the New Mexico Court of Appeals. Both Hannett and Moore sought the Democratic Party's nomination as candidate for that office, and both filed declarations of candidacy for their party's 1986 primary election. Alleging that Moore could not satisfy the residence and practice of law requirements of N.M. Const. art. VI, Sections 8 and 28, Hannett sought an order enjoining respondent Secretary of State, Clara P. Jones, from placing Moore's name on the primary ballot. Moore responded with a motion for summary judgment upon the pleadings and supporting affidavits.

The district court granted summary judgment in favor of Moore, holding that Moore satisfied the constitutional requirements of at least three years' actual practice of law and residence in New Mexico, notwithstanding the undisputed fact that he had resided and practiced law outside New Mexico for much of the three-year period immediately preceding the date the judicial office would be taken. Hannett appeals, and we reverse.

N.M. Const. art. VI, Section 28 provides that judges of the Court of Appeals must satisfy the same qualifications as justices of the Supreme Court. N.M. Const. art. VI, Section 8 provides that:

No person shall be qualified to hold the office of justice of the supreme court unless he be at least thirty years old, learned in the law, and shall have been in the actual practice of law and resided in this state or the territory of New Mexico, for at least three years. Any person whose time of service upon the bench of

any district court of this state or the territory of New Mexico, added to the time he may have practiced law, as aforesaid, shall be equal to three years, shall be qualified without having practiced for the full three years.

It is undisputed that Moore is over thirty years of age and has been licensed to practice law in New Mexico since 1971. He resided and practiced law in New Mexico from 1975 until September 1982, when he moved to Moscow, Idaho, where he resided and practiced law until January 1986. During that period, Moore participated in a number of cases before state and federal courts in New Mexico. After returning to this state, Moore registered to vote in Bernalillo County on January 24, 1986. He filed his declaration of candidacy on April 1, 1986.

The only question presented by this appeal is whether our constitution requires a qualified judge to have been in the actual practice of law and to have resided in the state for at least the three-year period immediately preceding his taking office.

The language of N.M. Const. art. VI, Section 8 may be interpreted as requiring that (1) on the date of taking office, a qualified judge shall have been practicing law and residing in the state continuously for at least three years, or simply that (2) he shall have practiced law and resided in the state at any time during his life for a total of at least three years. Because the language used is ambiguous and its meaning indefinite, we must search out the true meaning and intent of the framers of N.M. Const. art. VI, Section 8. *Flaska v. State,* 51 N.M. 13, 18, 177 P.2d 174, 177 (1946); *see also Mountain States Telephone and Telegraph Co. v. New Mexico State Corporation Commission,* 90 N.M. 325, 333–34, 563 P.2d 588, 596–97 (1977); *Gibbons v. Ogden,* 22 U.S. (9 Wheat.) 1, 188–89, 6 L.Ed. 23 (1824). We will not interpret constitutional language too literally so as to defeat the general principles of government outlined by the instrument, but will give effect to its spirit and intent where it can be clearly ascertained. *Board of*

*County Commissioners v. McCulloh,* 52 N.M. 210, 215–16, 195 P.2d 1005, 1008 (1948); *State ex rel. Ward v. Romero,* 17 N.M. 88, 100, 125 P. 617, 621 (1912); *see also McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 414–15 4 L.Ed. 579 (1819).

The framers' purpose and intent in enacting N.M. Const. art. VI, Section 8, we believe, was twofold. First, they wished to afford voters, who must select among judicial candidates, and the governor, who must nominate appointees to fill vacancies on the bench, a fair opportunity to become acquainted with the judicial candidate's ability, character, and reputation. Second, they sought to ensure that justice be administered in our courts by judges familiar with the laws and mores of the state. *See Hatcher v. Bell,* 521 S.W.2d 799, 803–04 (Tenn.1974); *see also Hadnott v. Amos,* 320 F.Supp. 107, 119–22 (M.D.Ala.1970), *aff'd without opinion,* 401 U.S. 968, 91 S.Ct. 1189, 28 L.Ed.2d 318 (1971).

In light of the clear purpose behind the enactment of N.M. Const. art. VI, Section 8, we earnestly doubt that the framers intended to authorize the governor to appoint to the appellate bench a person who lived in this state for three years as a child, who practiced law in this state for three years as a young adult, and who then lived in other states employed in other pursuits for several decades before taking office in New Mexico. Nevertheless, Moore argues that the framers of N.M. Const. art. VI, Section 8 merely required the qualified judge to have practiced law and resided in New Mexico at any time for a total of three years. Drawing our attention to two other sections of the constitution which explicitly mandate continuous residence in this state for a number of years "next preceding" or "next prior to" election, Moore asks us to apply the principle of statutory construction, expressio unius est exclusio alterius, and to conclude that the framers deliberately omitted the phrase "next preceding" from N.M. Const. art. VI, Section 8 in order to make the requirements for judicial officers less demanding than those for executive officers and district attorneys. *See*

N.M. Const. art. V, § 3 (executive officers); N.M. Const. art. VI, § 24 (district attorneys).

This we cannot do. While the rules of statutory construction govern as well the construction of constitutional provisions, we must bear in mind that such principles are merely aids to determining the intent and purpose of the framers. *State ex rel. State Highway Commission v. City of Aztec,* 77 N.M. 524, 526–27, 424 P.2d 801, 803 (1967); *see also State v. Martinez,* 92 N.M. 291, 293, 587 P.2d 438, 440 (Ct.App.), *cert. quashed,* 92 N.M. 260, 586 P.2d 1089 (1978); *Bank of the United States v. Deveaux,* 9 U.S. (5 Cranch) 61, 87, 3 L.Ed. 38 (1809). Contrary to Moore's contention, a comparison among these constitutional provisions convinces us that it would not be reasonable to infer that the framers intended lesser requirements for judicial officers than for executive officers and district attorneys, and therefore that we must interpret N.M. Const. art. VI, Section 8 as requiring actual practice of law and residence in the state for at least three years next prior to taking office. *Cf. State ex rel. Chavez v. Evans,* 79 N.M. 578, 584–85, 446 P.2d 445, 451–52 (1968) ("learned in the law," N.M. Const. art. VI, §§ 8, 24, has same meaning as "licensed attorney," N.M. Const. art. V. § 3).

This conclusion is well supported by an examination of the history and background of the ambiguous constitutional provision in question here. *Cf. Smith Machinery Corp. v. Hesston, Inc.,* 102 N.M. 245, 247, 694 P.2d 501, 503 (1985) (statutory construction); *see also Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 416–23 (1821). At New Mexico's Constitutional Convention, the entire Committee on Judicial Department recommended that the following Section 8 be adopted:

No person shall be qualified to hold the office of justice of the supreme court unless he be learned in the law, *has been in the actual practice of law* in this state or the Territory of New Mexico *for at least three (3) years,* or whose services upon the bench of any district court of this state or the Territory of New Mexico, when added to the time he may have practiced law, as aforesaid, shall be equal to three (3) years; shall be at least thirty (30) years of age, and a citizen of the United States; or unless he *has resided* in this state or the Territory of New Mexico *at least three (3) years next prior to his election.*

Constitutional Convention Committee on Judicial Department, Majority Report (Nov. 2, 1910), Art. ——, Section 8, *reprinted in Proceedings of the Constitutional Convention of the Proposed State of New Mexico* 137 (1910) (emphasis added); *see also* Minority Report, *id.* at 142–45. The Committee most concerned with judicial qualifications clearly intended to require actual practice of law and residence in New Mexico for at least the three-year period immediately prior to taking judicial office, not merely for any periods of time totalling three years.

Although the Constitutional Convention failed to utilize the phrase "next prior to his election" in the final form of N.M. Const. art. VI, Section 8, after examining the language the framers did use we do not feel compelled to infer that the framers intended to impose lesser requirements upon judicial candidates than did the Committee. We focus our search for the framers' true intent and purpose primarily upon the language they used, and the rather awkward language we are required to interpret today indicates that they intended to adopt the Committee's recommended judicial qualifications. *Cf. First National Bank of Santa Fe v. Southwest Yacht & Marine Supply Corp.,* 101 N.M. 431, 435, 684 P.2d 517, 521 (1984) (statutory construction); *see also Sturges v. Crowninshield,* 17 U.S. (4 Wheat.) 122, 202 4 L.Ed. 529 (1819).

The first sentence of N.M. Const. art. VI, Section 8 mandates that "[n]o person shall be qualified to hold [judicial] office * * * [unless he] *shall have been in the actual practice of law* and *resided* in this state * * * for at least three years." (Emphasis added.) Had the framers intended to cre-

ate a three-year lifetime total requirement unrelated to the time of taking office, they simply could have stated that the qualified judge "shall have actually practiced law and resided" in this state for at least three years. We believe the framers employed instead a somewhat awkward and grammatically complex phrase in order to state a dual requirement that the qualified judge must be practicing law and residing in New Mexico immediately prior to taking office *and* that he must have been doing so for at least the preceding three years.

Furthermore, the very inclusion of the second sentence of N.M. Const. art. VI, Section 8 persuades us that the framers intended to require residence and practice of law in New Mexico for at least the three-year period immediately preceding taking judicial office. That sentence permits a district judge seeking a position on the Supreme Court to add time spent on the district court bench to time spent practicing law in order to qualify "without having practiced for the full three years." N.M. Const. art. VI, § 8. Had the framers intended to create a three-year lifetime total requirement unrelated to the time of taking office, this sentence would be virtually superfluous, because the district judge necessarily would have fulfilled the requirement prior to taking the district court bench. *See* N.M. Const. art. VI, § 14. Bearing in mind the principle that constitutions must be construed so that no part is rendered surplusage or superfluous, we believe that the framers included this provision in order to enable active district court judges to satisfy the requirement of actual practice during the three-year period immediately preceding ascension to the Supreme Court. *Cf. In re Rehabilitation of Western Investors Life Insurance Co.*, 100 N.M. 370, 373, 671 P.2d 31, 34 (1983) (statutory construction); *see also Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 174, 2 L.Ed. 60 (1803).

Our examination of the language, purpose, and history of N.M. Const. art. VI, Section 8 leads us to the conclusion that the framers of the constitution intended that the only qualified justice or judge be a person who has been in the actual practice of law and has resided in New Mexico for a period of at least three years immediately preceeding taking office. Although the phrase "immediately preceding" is not explicit in N.M. Const. art. VI, Section 8, we believe that it is implicit in this ambiguous section carefully read as a whole.

For the foregoing reasons, the decision of the district court is reversed.

IT IS SO ORDERED.

SOSA, Senior J., and FEDERICI, J., concur.

RIORDAN, C.J., and WALTERS, J., dissent.

RIORDAN, Chief Justice (dissenting).

I respectfully dissent.

The Opinion adopted by the majority today is obviously incorrect. Our job is not to rewrite the constitution; that job is left to the legislature and to the public as the electorate. N.M. Const. art. XIX, § 1.

WALTERS, Justice (dissenting).

I respectfully dissent. Whereas it might have been prudent for the framers to have required three years' residency immediately preceding the time a judge takes office in New Mexico, the very fact that language proposing that requirement was *deleted* from the final form submitted by the framers of New Mexico's constitution speaks more forcefully and eloquently for the intent of the Constitutional Convention not to require immediately preceding residency than any tortuous reasoning to the contrary.

Secondly, I suggest that it is more reasonable to believe that at the time the constitution was drafted that the framers recognized the not unusual practice of appointing non-residents of the Territory of New Mexico to territorial judgeships, and considered such prior judicial experience of three years satisfactory in fulfilling both the practice and residency requirements of art. VI, section 8. The Majority Report

could certainly be so read when all of its disjunctive clauses are analyzed, especially in light of the final "unless" clause proposed by the Committee on Judicial Department as cited in the majority opinion—if the Report should be considered to have had any influence on the section as ultimately adopted.

I am not a great advocate of writing into constitutions that which has been clearly and, quite pointedly, left out. I therefore dissent from the majority opinion, and would affirm the trial court.