2004-NMSC-003

84 P.3d 72

**Jerome D. BLOCK, individually, as a registered voter, and in his capacity as member of the Public Regulation Commission, Plaintiff–Appellant,**

v.

**Rebecca VIGIL–GIRON, in her capacity as the New Mexico Secretary of State, Defendant–Appellee.**

No. 28,345.

Supreme Court of New Mexico.

Jan. 7, 2004.

Ahmad Assed, Albuquerque, NM, for Appellant.

Patricia A. Madrid, Attorney General, David K. Thomson, Assistant Attorney General, Francine Baca–Chavez, Assistant Attorney General, Santa Fe, NM, for Appellee.

**OPINION**

CHÁVEZ, Justice.

{1} Appellant Jerome Block, a current member of the Public Regulatory Commission (PRC), seeks a declaration that he is entitled to be put on the upcoming 2004 ballot for another term as Commissioner of the PRC. He was first elected to the PRC in 1998, won re-election in 2000, and now at the expiration of this four-year term seeks to run for a second four-year term. The New Mexico Constitution provides that "after serving two terms" a PRC member is ineligible to hold office "until one full term has intervened." N.M. Const. art. XI, § 1. Thus, the central question of this case is whether Appellant has served "two terms" as that phrase is understood by the Constitution. Appellant argues: (1) "term," as used in Article XI, Section 1, should only mean a full, four-year term and his initial two-year period of service should not count toward the two-term limit; and (2) a contrary reading would violate his right to equal protection and substantive due process. We hold: (1) the word "term," as used in Article XI, Section 1, includes both a full four-year term and the shortened two-year term Appellant served following the 1998 general election; and (2) the Secretary of State would act constitutionally in denying him a place on the upcoming ballot.

**I.**

{2} Appellant was originally elected to his position in the 1998 general election, the first following the creation of the PRC by Article XI, Section 1. In accordance with that section, the five members of the PRC decided by lot which two would initially serve for two years, and Appellant was one of the two so selected. He was subsequently re-elected in 2000 for a four-year term and now desires to run for a second four-year term. The Secretary of State, following an opinion of the Attorney General, indicated that she would not certify him as a candidate. *See* N.M. Att'y Gen. Op. 03–05 (2003). Appellant thus filed a "Complaint for Declaratory Judgment and Petition for Writ of Mandamus" in the First Judicial District on September 4, 2003, seeking to compel the Secretary of State to place his name on the ballot. On October 17, 2003, Judge Hall entered an order denying the request for a preliminary injunction and granting the State's motion for a judgment on the pleadings. We subsequently granted Appellant's motion for an expedited appeal.

**II.**

{3} This case involves the interpretation of both a constitutional provision and implementing legislation. In relevant part, Article XI, Section 1, adopted November 5, 1996, provides:

The "public regulation commission" is created. The commission shall consist of five members elected from districts provided by law for staggered four-year terms beginning on January 1 of the year following their election; provided that those chosen at the first general election after the adoption of this section shall immediately classify themselves by lot, so that two of them shall hold office for two years and three of them for four years; and further provided that, after serving two terms, members shall be ineligible to hold office as a commission member until one full term has intervened.

The Legislature passed implementing legislation, which was approved on April 11, 1997. It is largely similar to the constitutional provision, but differs in one significant way:

Members of the public regulation commission shall be elected for staggered four-year terms provided that commission

members elected at the 1998 general election shall classify themselves by lot so that two commission members shall initially serve *terms of two years* and three commission members shall serve *terms of four years*. Thereafter, all commission members shall serve four-year terms. After serving two terms, a commission member shall be ineligible to hold office as a commission member until one full term has intervened.

NMSA 1978, § 8-7-4(A) (1997, prior to 2001 amendment) (emphasis added).

{4} The Constitutional provision states that "after serving two terms" a PRC member is ineligible to hold office "until one full term has intervened." As noted, the central question of this case is whether Appellant has served "two terms" as that phrase is understood by the Constitution. In interpreting this provision, our primary goal is to give effect to the intent of the Legislature which proposed it and the voters of New Mexico who approved it. *See Hannett v. Jones*, 104 N.M. 392, 393-94, 722 P.2d 643, 644-45 (1986); *see also Todd v. Tierney*, 38 N.M. 15, 26, 27 P.2d 991, 998 (1933) (noting that by "framers of the Constitution" we contemplate also the people who adopted it). For the following reasons, we hold the word "term," as it is used in this constitutional provision, includes both a full four-year term and a shortened two-year term. Appellant has thus served "two terms" and is ineligible to be placed on the upcoming ballot until four years have intervened.

{5} First, the normal understanding of the word "term" does not support Appellant's argument. In general, "[i]t must be presumed that the people know the meaning of the words they use in constitutional provision, and that they use them according to their plain, natural and usual signification and import...." *Flaska v. State*, 51 N.M. 13, 22, 177 P.2d 174, 179 (1946). Black's Law Dictionary, for example, defines "term" as "[a] fixed and definite period of time; implying a period of time with some definite termination." *Black's Law Dictionary* 1482 (7th ed.1999). It further provides that a "term of office" is "[t]he period during which an elected officer or appointee may hold office, per-

form its functions, and enjoy its privileges and emoluments." *Id.* at 1483, 177 P.2d 174. Under this definition, both the two-year period and the four-year period Appellant served as a member of the PRC would be considered terms.

{6} In a slightly different context, this Court indicated that it understands the word "term" in a similar manner to Black's Law Dictionary. In *Denish v. Johnson*, 1996-NMSC-005, 121 N.M. 280, 910 P.2d 914, this Court described the Governor's authority to fill vacancies of appointments. In the course of that discussion, we had to distinguish between a term and a tenure of office:

> The "term" is the fixed period of time the appointee is authorized to serve in office. It is a period that is established by law and specified by the executive in his or her letters of appointment. The "tenure" is the time the appointee actually serves in office. Depending upon the circumstances the tenure can be shorter or longer than the term.

*Id.* ¶ 18. Under this definition of the word "term," Appellant's initial two-year period of office is just as much a "fixed period of time [he] is authorized to serve in office" as his second, four-year period. *Id.* We also note that in *Denish* the word "term" was not limited in its application to a particular "fixed period of time." *Id.* ¶ 41. ("The amendment [Article XII, Section 13] inaugurates the system by staggering the terms of the first five appointees—with shortened two-and four-year terms, and one full six-year term." (Emphasis added.)). Appellant has thus served "two terms." For that reason, allowing him to serve a second four-year term would enable him to serve three consecutive terms, violating the plain language of Article XI, Section 1: "[A]fter serving *two terms*, members shall be ineligible to hold office as a commission member until one full term has intervened." (Emphasis added.)

{7} Second, Appellant would have us read into the provision words that are not there. In effect, Appellant is asking us to interpret "after serving two terms" as though it were written "after serving two [four-year] terms." Had the framers intended to restrict "two terms" in such a way, "that meaning could

have been made clear by the use of language incapable of any other interpretation." *Flaska*, 51 N.M. at 20, 177 P.2d at 178. In this case, rather than use the generic phrase "two terms," the framers could have explicitly used "two four-year terms."

{8} Furthermore, the Constitution has, in other contexts, used the phrase "two consecutive four-year terms." Article X, Section 2 of the New Mexico Constitution, as amended in 1998, provides for the terms of county officers. Subsection A mandates that the ordinary term for a county official is four years. Subsections B and C establish staggered terms for the county officials by creating an initial four-year term for some and an initial two-year term for others. Subsection D, however, provides that "[a]ll county officers, after having served *two consecutive four-year terms,* shall be ineligible to hold any county office for two years thereafter." (Emphasis added.) Thus, Article X, Section 2 does not count the initial two-year term of some county officials provided for in Subsection B toward the two-term limit provided for in Subsection D. That Article XI, Section 1 uses "two terms" instead of "two consecutive four-year terms," is therefore a strong indication that it, unlike Article X, Section 2, does count the initial two-year term towards the two-term limit.

■ {9} Third, other language in Article XI, Section 1 indicates that the word "term" includes both the initial two-year period and any subsequent four-year period. As noted, the provision renders those that have served two terms ineligible "until one *full term* has intervened" (emphasis added). If Appellant were correct that "term" only means a four-year term, then the adjective "full" would be unnecessary—"term" alone would suffice. In general, we interpret constitutional provisions as a harmonious whole, *see State ex rel. N.M. Judicial Standards Comm'n v. Espinosa,* 2003–NMSC–017, ¶ 23, 134 N.M. 59, 73 P.3d 197, and we avoid interpretations that would render language in the provision surplusage. *Hannett,* 104 N.M. at 395, 722 P.2d at 646.

{10} Finally, any uncertainty as to the legislative intent behind the constitutional provision is removed by the implementing legislation, enacted in 1997, immediately following the adoption of the constitutional provision. That legislation provides that, as the result of the random drawing, "two commission members shall initially serve *terms of two years* and three commission members shall serve *terms of four years.*" Section 8–7–4(A). Under Section 8–7–4(A), it is even more clear that the initial two-year period Appellant served is a "term" that counts toward his two-term limit.

■ {11} At oral argument, the parties were uncertain when Section 8–7–4(A) was initially enacted and whether it could be used as a gauge of the Legislature's intent in drafting Article XI, Section 1. Section 8–7–4(A) was initially enacted by 1997 N.M. Laws, ch. 262, § 4, which was approved on April 11, 1997. This approval took place five months after the voters of New Mexico ratified Article XI, Section 1, and over one year before the first election of the PRC Commissioners. Appellant argues that we should not rely on Section 8–7–4 to determine the legislative intent behind Article XI, Section 1. Instead, he argues, we should declare the statute unconstitutional as contrary to that constitutional provision to the extent that the statute clearly specifies that his initial two years of service constitutes a "term." We disagree. "A contemporaneous construction by the legislature of a constitutional provision is a 'safe guide to its proper interpretation,' and creates 'a strong presumption' that the interpretation was proper." *State ex rel Udall v. Colonial Penn. Ins. Co.,* 112 N.M. 123, 128, 812 P.2d 777, 782 (1991) (quotation marks and quoted authority omitted). Given this presumption, we conclude that Section 8–7–4(A) is constitutional and a safe guide to the legislative intent behind Article XI, Section 1.

### III.

■ {12} Appellant also argues that our interpretation of Article XI, Section 1 would violate his constitutional rights to equal protection of the laws and substantive due process. Appellant "readily concede[s] that the Constitution may provide for term limits and for staggered terms," but still claims that the

discriminatory classification upheld by the district court in this case was unconstitutional. We conclude that Appellant's concession precludes him from attacking the constitutionality of Article XI, Section 1.

{13} In general, "[d]ue process ... focuses on the validity of legislation as it equally burdens all persons in the exercise of a specific right. Equal protection, on the other hand, focuses on the validity of legislation that permits some individuals to exercise a specific right while denying it to others." *Marrujo v. N.M. State Highway Transp. Dep't*, 118 N.M. 753, 757, 887 P.2d 747, 751 (1994). In his initial brief to this court, Appellant argued that Article XI, Section 1 and NMSA 1978, § 8–7–4 (2001) should be subjected to a strict scrutiny analysis. In his subsequent brief, and again at oral argument, Appellant agreed instead that we should review it under a rational basis analysis. We need not engage in a lengthy discussion of the various standards of review under these constitutional provisions, because any discrimination against Appellant or burden on his rights are inherent in the creation of a new body with term limits and staggered terms, both of which he concedes are constitutional. That is, there is no other way to create staggered terms for a fully constituted board without providing for initial terms of varying lengths. That fact, combined with the establishment of term limits, necessarily means that in the early days of the newly created body, some members are going to face term limits sooner than others. Having conceded that the Constitution may both create staggered terms and provide for term limits, Appellant cannot be heard to complain of the effect those provisions have on him.

{14} Appellant also argues that the New Mexico Constitution directly confers on him the right to seek office, a right he contends would be violated if the Secretary of State refuses to place him on the ballot. The very provision Appellant identifies, however, does not support his claim. Article VII, Section 2(A) of the New Mexico Constitution provides, "Every citizen of the United States who is a legal resident of the state and is a qualified elector therein, shall be qualified to hold any elective public office *except as oth-erwise provided in this constitution.*" (Emphasis added.) Although Appellant is correct that Article XI, Section 1 generally provides that PRC members serve "staggered four-year terms," that general rule is modified by the language which follows it: "provided that those chosen at the first general election after the adoption of this section shall immediately classify themselves by lot, so that two of them shall hold office for two years and three of them for four years." In ordinary usage, the words "provided that" indicate a limitation on, an exception to, or a requirement in addition to those words previously used. *Carr v. Burke*, 333 Mass. 365, 130 N.E.2d 687, 688 (1955). Accordingly, we read the language following "provided that" as an exception to the general rule that precedes it. We find no right under the New Mexico Constitution to serve two four-year terms before being subjected to term limits.

{15} Finally, determining by lot which PRC members get the initial shortened term, far from representing any invidious discrimination, is instead a fair method of making that determination. Under Article XI, Section 1, members of the PRC are elected from and serve districts. Deciding prior to the initial election which such districts would be served by a member for two or four years prior to re-election would invite discrimination against certain geographic entities. On the other hand, deciding that question after the election and by lot seems a fair way to resolve the question. We note that Arkansas chose a similar method to provide for staggered terms of its state senators. *See* Ark. Const. art. V, § 3.

## IV.

{16} Not being persuaded by Appellant's arguments to the contrary, we hold: (1) the phrase "two terms" under Article XI, Section 1 includes both his initial two-year and subsequent four-year term; and (2) the Secretary of State would act constitutionally in denying him a place on the upcoming ballot. We therefore affirm the district court.

{17} **IT IS SO ORDERED.**

WE CONCUR: PETRA JIMENEZ MAES, *Chief Justice,* PAMELA B. MINZNER, PATRICIO M. SERNA, and RICHARD C. BOSSON, *Justices.*