**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dennis GARCIA, Defendant-Appellant.**

**No. 46–68.**

United States Court of Appeals
Tenth Circuit.

June 26, 1969.

Rehearing July 29, 1969.

11.   Tiffany v. Town of Oyster Bay, 1922, 234 N.Y. 15, 136 N.E. 224, 24 A.L.R. 1267.

Harry L. Bigbee, Santa Fe, N. M. (F. Joel Roth and Arthur H. Coleman, Santa Fe, N. M. with him on the brief) for appellant.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., Albuquerque, N. M., with him on the brief) for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant Garcia was convicted by a jury on four counts charging an attempt to evade and defeat income tax due and owing the United States for the years 1960 through 1963 inclusive in violation of 26 U.S.C. § 7201. The trial court sentenced Garcia to one year and one day.

Garcia claims the first count was barred by the statute of limitations,[1] thereby eliminating the starting base of the net worth approach.

The second claim identifies a significant mathematical error in the government's summary exhibit which Garcia contends was prejudicial error.

The final claim attacks the government attorney's closing argument to the jury that Garcia failed to produce two witnesses to corroborate his defense. Garcia contends this argument constitutes prejudicial error.

Garcia's first claim admits he was indicted on March 16, 1967 by a federal grand jury selected under the key man jury selection system. Garcia was arraigned and plead not guilty to all four counts.

Thereafter, on August 17, 1967, the District of New Mexico changed its juror selection system to one using random members on voter registration rolls according to the system subsequently required by law.[2]

On September 14, 1967 the newly constituted jury reindicted Garcia on the same counts, charging the same offenses with no variation in language or figures. Garcia was rearraigned and plead not guilty as before.

Appellant Garcia thereafter moved the court to require the government to elect which indictment it would proceed on. The motion was denied. Garcia now contends he was prosecuted under the second indictment which charged offenses that occurred more than six years before the indictment was returned and accordingly are barred by the statute.

The prosecution period is extended by the provision contained in the statute, "[w]here a complaint is instituted before a commissioner of the United States within the [six year period of limitations], the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States."[3]

Title 18 U.S.C. § 3288 provides for an additional six month period after the indictment has been dismissed for any error, defect or irregularity with respect to the grand jury.

Each statute recognizes the filing referred to as the commencement of a prosecution procedure.

The first indictment brought in by the grand jury in this case tolled the statute of limitations.[4] The statute

---

1. 26 U.S.C. § 6531.

2. 28 U.S.C. § 1861.

3. 26 U.S.C. § 6531.

4. United States v. Feinberg, 383 F.2d 60, 65 (2nd Cir. 1967), cert. denied, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968); Powell v. United States, 122

would again begin to run six months after "the next regular grand jury [had been] convened. * * *" [5]

The accused was arraigned and plead not guilty to the first indictment. No attack is made on this proceeding. Since the statute was tolled by this proceeding it could not have been operative at the time of the return of the second indictment. Therefore the trial court correctly denied the plea in bar to count one of the indictment.

■ It is inconsistent to argue that the dismissal of an indictment or the filing of a complaint is required in order to continue the tolling of the statute of limitations when the same offense is charged.

"The government had no burden to offer formal proof of that which appears in the case record of the court for such is the cornerstone of judicial notice." [6]

A summary exhibit was prepared by the government expert which was identified, used by him in testimony, and admitted in evidence. The summary purported to show the revised taxable income taking all the evidence produced into account. The counts in the indictment allege separate years wherein there was additional income upon which tax was not paid.

In the computation for the count relating to 1963 there is an admitted error of $44,437.14 which is the result of a failure to extend the capital account to the debit column in 1963 when the partnership creating the capital account was liquidated and capital gained.

The error increases the total of the 1963 income upon which taxes were not paid as well as the total of the combined years.

There is additional income on which taxes were not paid in 1960, 1961 and 1962 which is not challenged in the summary.

This court has sanctioned the use of summaries in numerous cases. [7]

■ The narrow question presented is whether the mechanical and mathematical error identified in the summary relating to the 1963 count so prejudiced Garcia that he was not afforded a fair trial.

"[S]ince experts to a certain extent substitute themselves for the jury in analyzing evidence and forming an opinion in the case, it is very important that experts do their work with certainty and precision and without substantial error." [8]

It is evident the substantial error did not give the jury a fair analysis of the 1963 count and therefore the conviction is reversed as to that count. However, the analysis for the years 1960, 1961 and 1962 was accurate and presented a fair view of the evidence regarding those counts upon which the defendant was found guilty. This analysis was not prejudicial or affected by the 1963 error. Each attempt to evade or defeat payment of the tax is a felony. Each year the attempt and underpayment is consummated as a separate crime. [9]

■ Evidence of unexplained funds in the hands of the taxpayer establishes a prima facia case of understatement of income making it incumbent on the taxpayer to overcome the logical inferences drawn from the facts proved. [10]

U.S.App.D.C. 229, 352 F.2d 705, 707, n. 5 (1965).

5. 18 U.S.C. § 3288.

6. Sanseverino v. United States, 321 F.2d 714, 715 (10th Cir. 1963).

7. Swallow v. United States, 307 F.2d 81, 84 (10th Cir. 1962) and cases cited therein, cert. denied, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 499 (1963), rehearing denied, 372 U.S. 925, 83 S.Ct. 718, 9 L.Ed. 2d 731 (1963).

8. 10 Mertens, Law of Federal Income Taxation § 55A.22, at 144.

9. Norwitt v. United States, 195 F.2d 127 (9th Cir.) cert. denied, 344 U.S. 817, 73 S.Ct. 11, 97 L.Ed. 635 (1952).

10. Mighell v. United States, 233 F.2d 731, 732–733 (10th Cir.) cert. denied, 352 U.S.

The jury determined the guilt on all counts from the facts adduced.

Garcia bases his final claim of denial of a fair trial upon certain remarks made by the government attorney in his closing argument. The attorney said:

"But do you really believe he had only a one-ninth interest with that one dollar buy-back that was executed in 1954, with all of these loans that were executed by Fabian Garcia, [appellant's brother] whom we have not seen here? Fabian's letter was produced by Mr. Dennis Garcia."

"It is commonly said that no inference is allowable where the person in question is *equally available* to both parties; particularly where he is actually in court; though there seems to be no disposition to accept such a limitation absolutely or to enforce it strictly. Yet the more logical view is that the failure to produce is *open* to an inference *against both parties*, the particular strength of the inference against either depending on the circumstances. To prohibit the inference entirely is to reduce to an arbitrary rule of uniformity that which really depends on the varying significance of facts which cannot be so measured." [11]

■ The foregoing statement of the rule is particularly relevant to the facts herein. The named witness had invoked his fifth amendment privilege when questioned prior to trial. The government had no reason to believe he would not reiterate this privilege if called. The evidence was therefore peculiarly within the accused's control because of the kinship involved.

Garcia had offered a letter from the witness to establish his defense claim. The government had no opportunity to cross-examine this silent witness to explore the truth of the claim. [12]

The judgment and sentence on count four of the indictment is reversed and the judgment and sentence on each of the three remaining counts of the indictment is affirmed. [13]

832, 77 S.Ct. 47, 1 L.Ed.2d 52 (1956); Davis v. United States, 226 F.2d 331, 335 (6th Cir. 1955), cert. denied, 350 U.S. 965 (1956), rehearing denied, 351 U.S. 915, 76 S.Ct. 693, 100 L.Ed. 1449 (1956).

11. 2 Wigmore on Evidence § 288 at 169–171 (3rd ed. 1940).

12. Scanlon v. United States, 223 F.2d 382, 392 (1st Cir. 1955).

13. Romontio v. United States, 400 F.2d 618, 620 (10th Cir. 1968), and citations contained therein.