**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ward M. WILSEY, Defendant-Appellant.**

**Nos. 71–1837, 71–1838.**

United States Court of Appeals, Ninth Circuit.

March 20, 1972.

Arthur S. Katayama (argued), of Mori & Katayama, Los Angeles, Cal., for defendant-appellant.

David P. Curnow, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty. & Chief, Crim. Div., Arnold G. Regardie, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

On March 26, 1970, the Grand Jury for the Southern District of California returned a seven-count indictment against appellant charging him with subscribing to false income tax returns in violation of 26 U.S.C. § 7206(1) and submitting false statements to a savings

and loan association in violation of 18 U.S.C. § 1014. On November 25, 1970, it returned two indictments superseding the prior indictment, embracing in seven counts the same offenses previously charged. A clerical error in date was corrected and certain statutory language was amplified. On January 8, 1971, after commencement of trial the district judge formally dismissed the superseded indictment.

Appellant here contends (as he did below) that the statute of limitations barred government prosecution on several counts of the new indictments. The first indictment was clearly brought within the statutory period. Appellant's position, however, is that the superseding indictments cannot take advantage of that fact save in accordance with 18 U.S.C. § 3288.[1] Specifically he contends that the new indictment cannot be brought within the statute unless the superseded indictment is first dismissed. Only then, he contends under a literal reading of § 3288, does the grace period provided by that section start to run.

But appellant overlooks the fact that that grace period is not needed under the facts here. The filing of an indictment results in a tolling of the statute upon the charges embraced. United States v. Feinberg, 383 F.2d 60, 65 (2d Cir. 1967); Powell v. United States, 122 U.S.App.D.C. 229, 352 F.2d 705, 707 (1965). That tolling continues until the indictment is dismissed. Here the superseding indictments were brought while the statute still effectively was tolled and accordingly were timely brought. United States v. Garcia, 412 F.2d 999 (10th Cir. 1969).

Section 3288 applies in those cases where a defendant succeeds in securing

dismissal of his indictment for error, defect or irregularity. It serves to protect the government in securing correction of such matters by assuring that the continued running of the statute will not permit the defendant to escape through technicality before correction can be secured. *See,* United States v. Strewl, 99 F.2d 474 (2d Cir. 1938). The statute has no application here.

Affirmed.

---

1. Section 3288:

"Whenever an indictment is dismissed for any error, defect or irregularity with respect to the grand jury, or an indictment or information filed after the defendant waives in open court prosecution by indictment is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next grand jury is convened, which new indictment shall not be barred by any statute of limitations."