620 P.2d 878

Albert James MARSH and Harold R. (Bob) Bass, Petitioners,

v.

STATE of New Mexico, Respondent.

STATE of New Mexico, Petitioner,

v.

Albert James MARSH and Harold R. (Bob) Bass, Respondents.

Nos. 12923, 12924.

Supreme Court of New Mexico.

Dec. 5, 1980.

Marchiondo & Berry, William C. Marchiondo, Albuquerque, Warren O. F. Harris, Albuquerque, for Marsh & Bass.

Jeff Bingaman, Atty. Gen., James F. Blackmer, Asst. Atty. Gen., Santa Fe, for the State.

## OPINION

SOSA, Chief Justice.

Three issues are raised on certiorari: (1) whether the State has jurisdiction over crimes occurring in the airspace above New Mexico; (2) which county has proper venue in a conspiracy charge; and (3) which county has proper venue for a charge of possession of marijuana?

The grand jury of Valencia County indicted defendants for the possession of over one hundred pounds of marijuana with intent to distribute and conspiracy to commit a felony. After a hearing, the district

judge dismissed the indictments on the basis that jurisdiction and venue were not proper in Valencia County. The State alleged that defendant Marsh flew a small plane laden with 479 pounds of marijuana over Valencia County en route to McKinley County to rendezvous with defendant Bass, where the marijuana was unloaded. There was no evidence that Bass was ever in Valencia County or that Marsh ever set his plane down there. The State appealed the dismissal to the Court of Appeals. That Court affirmed the dismissal of the conspiracy charge and reversed the dismissal of the possession charge. Both parties petitioned this Court for a writ of certiorari, which we granted. We hold that the district court had jurisdiction and venue over both charges, but we also use our superintending control to mandate that the cause be transferred to McKinley County where the action would be more proper.

■ The first issue we consider is whether the State has jurisdiction over crimes committed in an airplane as it flies above the State. Defendants contend that the State's jurisdiction has been preempted by federal legislation. We agree with the Court of Appeals that the State's criminal jurisdiction has not been preempted and quote from the opinion by Judge Lopez:

> While it is true that Congress has legislated extensively concerning the regulation of air navigation, see for example, the Federal Aviation Act of 1958, as amended [49 U.S.C. §§ 1301 et seq. (1976 and Supp.1977)] it is not true that these regulations in any way preempt state jurisdiction over the airspace above the state. Appellees have cited no cases which support this contention. In *Braniff Airways v. Nebraska State Board of Equalization and Assessment*, 347 U.S. 590, [74 S.Ct. 757, 98 L.Ed. 967] (1953), the Supreme Court considered whether the regulation of air navigation by the Federal Government precludes state taxation on flight equipment of interstate carriers. The Court said there was no federal preemption because, "[the] Federal Acts regulating air commerce are bot-

tomed on the commerce power of Congress, not on national ownership of the navigable airspace, as distinguished from sovereignty." *Id.* at 596, [74 S.Ct. at 761.] Unless Congress has specifically prohibited state regulation, or a direct conflict exists between state and federal regulations, there is no federal preemption. *Jones v. Rath Packing Co.*, 430 U.S. 519, [97 S.Ct. 1305, 51 L.Ed.2d 604] (1977). "[W]e start with the assumption that the historic police powers of the States were not to be superseded by ... [a] [f]ederal [a]ct unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, [67 S.Ct. 1146, 91 L.Ed. 1447] (1947). There is no conflict between federal regulation of air commerce and a state's jurisdiction over the airspace above its territory. *Grace v. MacArthur*, 170 F.Supp. 442 (E.D.Ark.1959).

Although the Federal Aviation Act of 1958 was amended to extend federal criminal laws to certain acts committed on board aircraft, 49 U.S.C. § 1472(k) (1976), this legislation was not intended to preclude state prosecution for the same crimes.

> It is true that, in the case of crimes committed in the airspace over States of the United States, most of the acts with which this legislation deals would be violations of the laws of one or more of such States * * * *
>
> The offenses punishable under this legislation would not replace any State jurisdiction but would, where both Federal and State law provided for punishment for the same act, be in addition to the State criminal law.

H.R.Rep.No.958, 87th Cong., 1st Sess. 6, *reprinted* in [1961] U.S.Code Cong. & Ad. News pp. 2563, 2563–64. However, this Act does not prohibit possession with intent to distribute marijuana on board an aircraft, 49 U.S.C. § 1472(k) (1976), so there is absolutely no question of federal preemption.

Possession of marijuana with intent to distribute is punishable under the Federal Controlled Substances Act, 21 U.S.C.

§§ 801 et seq. (1976 and Supp.1977). Nothing in this act reserves exclusive right or jurisdiction to the Federal Government to prosecute any controlled substances act violations, *see* 21 U.S.C. § 903 (1976), and this court has already decided that federal law does not pre-empt state prosecution in a marijuana distribution case. *State v. McHorse*, 85 N.M. 753, 517 P.2d 75 (Ct.App.1973). Thus it is clear that the New Mexico district courts have jurisdiction to try criminal offenses in violation of state law which occur in the airspace over the State. The district court in Valencia County has jurisdiction over these causes of action.

19 N.M.St.B.Bull. 182, 183 (1980).

Other cases which we find persuasive are *Ward v. State*, 280 Md. 485, 374 A.2d 1118 (Ct.App.1977), *cert. denied*, 434 U.S. 1011, 98 S.Ct. 723, 54 L.Ed.2d 754 (1978), which upheld a state statute making reckless flying a crime, *Graham v. People*, 134 Colo. 290, 302 P.2d 737 (1956) which implicitly recognized the jurisdiction of the state over homicides taking place in the air, and *State v. Bahl*, 242 N.W.2d 298 (Iowa 1976) which sustained a conviction of manslaughter by flying while intoxicated. We agree with the Court of Appeals that state courts have jurisdiction over crimes committed in the airspace above the state.

The next issues we consider are whether venue was proper in Valencia County for the conspiracy charge and for the charge of possession. The Court of Appeals treated the issues separately, and concluded that venue was improper for the conspiracy charge and proper for the possession charge. They reasoned that venue for a conspiracy charge was in the county where the conspiracy was formed, and there was no evidence that it was formed in Valencia County. The Court further reasoned that even if venue would also lie in the county where an overt act in furtherance of the conspiracy occurred, such an act did not occur in Valencia County.

■ We disagree that an overt act did not occur in Valencia County. The trans-

portation of marijuana through the county was an overt act in furtherance of the conspiracy. We agree with the Court of Appeals that venue was proper in Valencia County on the possession charge. They reasoned that venue was proper in Valencia County for the possession charge because a "material element" of the crime was committed in Valencia County, and where there is a continuing crime, venue lies in any county through which the defendant travelled. *See State v. McKinley*, 30 N.M. 54, 227 P. 757 (1924).

■ We hold that, although venue was proper in Valencia County for both charges, it would be more appropriate to try the case, if at all, in McKinley County where there is a more substantial nexus between the criminal acts and the county. Under the facts of this case, where the only contact with Valencia County was the passage of the airplane carrying the marijuana over it, we invoke our superintending powers over inferior courts to direct the District Court of Valencia County to transfer the case so that it can be tried, if at all, in McKinley County. N.M.Const., Art. VI, § 3. The facts that the marijuana was physically located in McKinley County, that defendant Marsh flew his plane carrying the illegal drug there to meet with defendant Bass, and that the alleged conspiracy ended there support our conclusion.

In *United States v. Johnson*, 323 U.S. 273, 275, 65 S.Ct. 249, 89 L.Ed. 236 (1944) the Supreme Court, in discussing the United States Constitution, wrote:

Aware of the unfairness and hardship to which trial in an environment alien to the accused exposes him, the Framers wrote into the Constitution that "The Trial of all Crimes * * * shall be held in the State where the said Crimes shall have been committed * * *" Article III, § 2, cl. 3. As though to underscore the importance of this safeguard, it was reinforced by the provision of the Bill of Rights requiring trial "by an impartial jury of the State and district wherein the crime shall have been committed." Sixth Amendment. By utilizing the doctrine of

a continuing offense, Congress may, to be sure, provide that the locality of a crime shall extend over the whole area through which force propelled by an offender operates. Thus, an illegal use of the mails or of other instruments of commerce may subject the user to prosecution in the district where he sent the goods, or in the district of their arrival, or in any intervening district. Plainly enough, such leeway not only opens the door to needless hardship to an accused by prosecution remote from home and from appropriate facilities for defense. It also leads to the appearance of abuses, if not to abuses, in the selection of what may be deemed a tribunal favorable to the prosecution.

These policy considerations also apply to the choice of venue within a State. In the present case, it appears from the record that the State attempted to prosecute in Valencia County because one of the defendants may have been related to a district court judge in McKinley County. If so, there are other legal avenues available to the State to make sure the criminal process is a fair one.

We reverse the trial court's dismissal of both charges for lack of proper venue. We hold that venue was proper for both charges in Valencia County but exercise our superintending control to remand and direct that the case be transferred to McKinley County to be tried there, if at all, as the county having the most significant contacts with the alleged criminal acts of the defendants.

IT IS SO ORDERED.

PAYNE, FEDERICI and FELTER, JJ., and EASLEY, Senior Justice, concur.