The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: March 31, 2023

**No. A-1-CA-40038**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DEMESIA PADILLA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Cindy M. Mercer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Kennedy, Hernandez & Associates, P.C.
Paul J. Kennedy
Jessica M. Hernandez
Elizabeth A. Harrison
Albuquerque, NM

for Appellant

**OPINION**

**WRAY, Judge.**

{1}     Following a jury trial, Defendant Demesia Padilla was convicted of two second degree felonies, embezzlement (over $20,000), contrary to NMSA 1978, Section 30-16-8 (2007), and computer access with intent to defraud or embezzle (over $20,000), contrary to NMSA 1978, Section 30-45-3 (2006). This appeal considers whether when a timely filed criminal complaint is dismissed without prejudice for improper venue, the charges may be refiled in the proper venue after the statute of limitations has expired. Our Legislature has provided for the tolling of criminal statutes of limitation in certain circumstances. *See* NMSA 1978, § 30-1-9 (1963). We conclude that (1) in the present case, Section 30-1-9 did not exclude the period between the timely filed—but dismissed—complaint and the refiled charges; and (2) no nonstatutory tolling otherwise extended the time for the State to pursue charges in the present case. We therefore vacate Defendant's convictions.

**BACKGROUND**

{2}     The parties do not dispute the relevant procedural facts. On June 28, 2018, the State charged Defendant by criminal complaint (the Complaint) in the First Judicial District Court in Santa Fe County on one count each of embezzlement and computer access with intent to defraud or embezzle. Defendant filed an objection to the venue on November 29, 2018, and a related motion to dismiss on April 25, 2019. On June

11, 2019, the First Judicial District Court granted Defendant's motion to dismiss both counts without prejudice for improper venue.

{3}     Almost two months later, on August 1, 2019, a grand jury indicted Defendant in the present case (the Indictment), on the same charges in the Thirteenth Judicial District Court in Sandoval County. The criminal conduct alleged for both second degree felony counts occurred "between December 19, 2011 and January 22, 2013." As a result, the six-year limitation period expired on January 23, 2019. *See* NMSA 1978, § 30-1-8(A) (2009, amended 2022)[1] (establishing a six-year statute of limitation for second degree felonies). On August 22, 2019, Defendant moved to dismiss both charges in the present case because the statute of limitation had expired. The State responded in relevant part that under *State v. Martinez*, 1978-NMCA-095, 92 N.M. 291, 587 P.2d 438, Section 30-1-9 is not the exclusive mechanism for tolling criminal statutes of limitation.

{4}     The district court agreed with the State's interpretation of *Martinez* and denied Defendant's motion but included in the order language for interlocutory appeal to this Court. After this Court denied Defendant's application for interlocutory appeal, Defendant was tried and found guilty on both charges. Defendant appeals and first argues that (1) under the circumstances of the present case, Section 30-1-9 did not

---

[1]Section 30-1-8 was amended in 2022, but those amendments do not impact the issues on appeal and all citations in this opinion are to the 2009 statutes, which was the operative statute in the district court.

toll the statute of limitation; and (2) the Legislature intended for Section 30-1-9 to govern the tolling of criminal statutes of limitation. For the reasons that follow, we agree with Defendant that the statute of limitation expired, and because we vacate Defendant's convictions on that basis, we do not address Defendant's remaining arguments on appeal.

**DISCUSSION**

{5}     Because the relevant underlying facts are not in dispute, we review de novo the district court's application of the law to the facts. *See State v. Collier*, 2013-NMSC-015, ¶ 29, 301 P.3d 370 ("When facts relevant to a statute of limitations issue are not in dispute, the Court reviews de novo whether the district court correctly applied the law to the undisputed facts." (internal quotation marks and citation omitted)); *State v. Hill*, 2008-NMCA-117, ¶ 7, 144 N.M. 775, 192 P.3d 770 (considering on appeal "whether the district court correctly applied the law to the facts"). "Our primary goal is to ascertain and give effect to the intent of the Legislature." *State v. Morales*, 2010-NMSC-026, ¶ 6, 148 N.M. 305, 236 P.3d 24 (internal quotation marks and citation omitted). We first briefly review the nature of criminal statutes of limitation and tolling statutes in order to provide context for the State's argument that "common law"—or nonstatutory—tolling must fill a gap that Section 30-1-9 left open.

## I.  Statutes of Limitation and Tolling Statutes

{6}  Generally, "[c]riminal statutes of limitation represent legislative assessments of relative interests of the [s]tate and the defendant in administering and receiving justice; they are made for the repose of society and the protection of those who may (during the limitation) have lost their means of defen[s]e." *Morales*, 2010-NMSC-026, ¶ 10 (omission, internal quotation marks, and citation omitted); *see also State v. Trevizo*, 2011-NMCA-069, ¶¶ 5-7, 150 N.M. 158, 257 P.3d 978 (stating that the criminal statute of limitation is "statutory in nature"). For a criminal defendant, unlike a civil litigant, the statute of limitations is a substantive right. *See State v. Kerby*, 2007-NMSC-014, ¶ 18, 141 N.M. 413, 156 P.3d 704 (determining for the purposes of waiver "that the statute of limitations is a substantive right" of a criminal defendant); *Morales*, 2010-NMSC-026, ¶ 13 (distinguishing between criminal and civil limitation periods and observing that criminal statutes of limitation periods "are 'to be liberally construed in favor of a defendant because their purpose is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the [L]egislature has decided to punish by criminal sanctions'" (quoting *Kerby*, 2007-NMSC-014, ¶ 13)). As we have noted, the convictions on appeal are both second degree felonies. *See* § 30-16-8(F) (categorizing a charge of embezzlement over $20,000 as a second degree felony); *see also* § 30-45-3(E) (categorizing a charge of computer access with intent to

4

defraud or embezzle over $20,000 as a second degree felony). The Legislature established a six-year statute of limitation for second degree felonies. Section 30-1-8(A). The question in the present case is whether a limitation period like that contained in Section 30-1-8(A) can be "tolled."

{7} A tolling statute is defined as "a law that interrupts the running of a statute of limitations in certain situations." *See Hill*, 2008-NMCA-117, ¶ 9 (alteration, internal quotation marks, and citation omitted). In the context of nonstatutory tolling and some tolling statutes, the filing of a timely complaint stops the statute of limitation from running and in the event that the complaint is subsequently dismissed, a new complaint may be filed within the time that was remaining on the limitation period. *See, e.g.*, *Bracken v. Yates Petroleum Corp.*, 1988-NMSC-072, ¶¶ 10, 12-13, 107 N.M. 463, 760 P.2d 155 (holding that a civil limitation period was "satisfied" by a timely-filed complaint because "[t]he filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure" and on remand, providing that "the plaintiff shall have the remainder of the one-year statute of limitations . . . in which to file her complaint in a proper venue" (internal quotation marks and citation omitted)); *United States v. Grady*, 544 F.2d 598, 601 (2d Cir. 1976) (explaining "the interplay of an indictment with a statute of limitations" stating that "[o]nce an indictment is brought, the statute of limitations is tolled as to the charges contained in that indictment. . . . The statute begins to run again on those

charges only if the indictment is dismissed, and the [g]overnment must then reindict before the statute runs out or" within six months as provided by 18 U.S.C. § 3288[2] if it applies, "whichever is later, in order not to be time-barred" (citations omitted)). Section 30-1-9(B) is an example of statutory tolling. Broadly, Section 30-1-9(B) permits the State, under some circumstances, to exclude periods of time from the running of the limitation period. Because the parties dispute how and whether Section 30-1-9(B) operates in the present case, we consider its terms.

{8}     Section 30-1-9(B) applies as follows:

B.     When

(1)     an indictment, information or complaint is lost, mislaid or destroyed;

(2)     the judgment is arrested;

(3)     the indictment, information or complaint is quashed, for any defect or reason; or

(4)     the prosecution is dismissed because of variance between the allegations of the indictment, information or complaint and the evidence; and a new indictment, information or complaint is thereafter

---

[2]As the dissent notes, many jurisdictions, including the federal courts, have rules or statutes that govern the limitation periods when an initiating document is dismissed and then refiled or that otherwise extend the limitation period. *See dissent* ¶ 19 n.11. New Mexico has no criminal tolling statute apart from Section 30-1-9, nor a rule similar to the cited jurisdictions, *see, e.g.*, Rule 5-201 NMRA (relating to methods of prosecution); Rule 5-204 NMRA (regarding amendment or dismissal of a complaint, information, and indictment).

presented, the time elapsing between the preferring[3] of the first indictment, information or complaint and the subsequent indictment, information or complaint shall not be included in computing the period limited for the prosecution of the crime last charged; provided that the crime last charged is based upon and grows out of the same transaction upon which the original indictment, information or complaint was founded, and the subsequent indictment, information or complaint is brought within five years from the date of the alleged commission of the original crime.

Section 30-1-9(B)(4) contains the only directly stated tolling language within the statute and expresses that under the previously listed circumstances for dismissing a prosecution, *see* § 30-1-9(B)(1)-(4), if a new charging document is later presented, "the time elapsing between the preferring of the first indictment, information or complaint and the subsequent indictment, information or complaint *shall not be included in computing the period limited* for the prosecution of the crime last charged," *see* § 30-1-9(B)(4) (emphases added). In the context of the parties' arguments in the present case, for Section 30-1-9 to apply, the circumstances that ended the first prosecution had to have involved either (1) an indictment, information, or complaint that was quashed for a defect, *see* § 30-1-9(B)(3); or (2) a prosecution that is dismissed for variance between the evidence and the indictment, information, or complaint, *see* § 30-1-9(B)(4). In either event, importantly, the time is excluded from the limitation period only if the subsequent complaint is brought

---

[3]The term "preferral" means, "[t]he act of putting forward or bringing forth criminal charges against a person." *Preferral*, *Black's Law Dictionary* (11th ed. 2019).

7

within five years of the commission of the charged crime. Section 30-1-9(B)(4). Defendant maintains that no time was excluded from the six-year limitation period because the Indictment was not brought within five years of the charged conduct. The State responds that Section 30-1-9(B) did not control the limitation period for the charges, because the Complaint was not "quashed" under Section 30-1-9(B)(3), nor was any variance the cause of the dismissal under Section 30-1-9(B)(4). We conclude that Section 30-1-9(B)(3) applied to the dismissal—or quashing—of the Complaint.

{9}     In 1972, our Supreme Court adopted amendments to the Rules of Criminal Procedure, including Rule 5-601 NMRA. *See State v. Elam*, 1974-NMCA-075, ¶¶ 7-9, 86 N.M. 595, 526 P.2d 189. Rule 5-601(D) governs "Defenses and objections which must be raised" and explains:

> The following defenses or objections must be raised prior to trial:
>
> (1)     defenses and objections based on defects in the initiation of the prosecution; or
>
> (2)     defenses and objections based on defects in the complaint, indictment or information other than a failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding. Failure to present any such defense or objection, other than the failure to show jurisdiction or charge an offense, constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. If any such objection or defense is sustained and is not otherwise remediable, the court shall order the complaint, indictment or information dismissed.

8

According to the committee commentary for Rule 5-601, the amendments to Rule 5-601(D)(2) and (H) "superseded decisions holding that motions to quash an indictment must be raised prior to the arraignment and plea." Rule 5-601 comm. cmt. (citing *Elam*, 1974-NMCA-075). Our case law does not discuss whether a motion to dismiss for improper venue falls under Rule 5-601(D). This Court has, however, brought such motions within the purview of Rule 5-601(E), which requires that pretrial motions in criminal cases be brought within ninety days of arraignment. *See State v. Cruz*, 2010-NMCA-011, ¶ 17, 147 N.M. 753, 228 P.3d 1173, *rev'd on other grounds*, 2011-NMSC-038, 150 N.M. 548, 263 P.3d 890.[4] Rule 5-601(D) defines the types of defenses and objections that must be raised prior to trial. By requiring motions to dismiss for improper venue to be made within the time limits set forth in Rule 5-601(E), *see Cruz*, 2010-NMCA-011, ¶ 17, we implicitly recognized that motions to dismiss for improper venue are (1) among the motions identified in Rule 5-601(D) and (2) according to the committee commentary, those that the 1972 rule-amendment intended to include within the prior categorization of motions to quash, *see* Rule 5-601 comm. cmt. *Compare Quash*, *Black's Law Dictionary* (11th ed. 2019) (defining "quash" as "[t]o annul or make void; to terminate," e.g., to "quash an indictment"), *with Dismiss*, *Black's Law Dictionary* (11th ed. 2019) (defining

---

[4]The *Cruz* Court considered a prior version of Rule 5-601. In the prior version of Rule 5-601, what is currently Rule 5-601(E) appeared as Rule 5-601(D). Our references throughout are to the current designations.

"dismiss" as "to terminate (an action or claim) without further hearing"); *see also Hill*, 2008-NMCA-117, ¶ 9 (citing *Black's Law Dictionary* applying definitional language to interpret Section 30-1-9).

{10} Thus, Defendant's motion to dismiss for improper venue fell within the category of circumstances governed by Section 30-1-9(B) and its tolling provisions. But, the parties agree that under no circumstances did Section 30-1-9(B) toll the limitation period because the Indictment was not brought within five years of the last charged event. We agree and conclude that even though the State's motion fell within the circumstances governed by Section 30-1-9(B)(3), the tolling statute did not exclude any time from the statutory limitation period. The question remains, however, whether Section 30-1-9(B) is the only mechanism, as Defendant maintains, by which the prescriptive period herein was paused. We thus turn to consider the State's position that nonstatutory tolling suspended the running of a criminal statute of limitation.

**II.     The District Court Improperly Relied on Nonstatutory Tolling to Exclude the Time Period Between the Filing of the Complaint and Its Dismissal**

{11} The State argued in the district court, and does now on appeal, that *Martinez*, permits nonstatutory tolling under the "common law" as it has been recognized in other jurisdictions. Defendant contends that the conditions on tolling imposed by the Legislature in Section 30-1-9 demonstrate the Legislature's intent to limit the opportunities for the tolling of limitation periods. We agree that the Legislature

intended such limits in cases that explicitly fall under the circumstances identified in Section 30-1-9, including a successful motion to dismiss an initial charging document for improper venue. In those cases, the Legislature has opted to exclude periods of time from the limitation period and made no mention of the nonstatutory tolling principle that starts and stops the running of the statute of limitations based on the filing of the complaint and other subsequent events.[5] *See Gathman-Matotan Architects & Planners, Inc. v. State, Dep't of Fin. & Admin.*, 1990-NMSC-013, ¶ 13, 109 N.M. 492, 787 P.2d 411 (concluding that a nonstatutory tolling principle was "subject to the same exception or limitation as applies in the statutory situations"). The *Martinez* Court, in addition to considering facts that are notably distinct from the present case, explicitly stated that Section 30-1-9 did not apply and therefore turned to other tolling mechanisms.[6] *Martinez*, 1978-NMCA-095, ¶ 16.

{12}    The *Martinez* Court considered the relationship between a criminal complaint initiating charges in magistrate court and a subsequent felony indictment of the same charges filed in district court. *Id.* ¶¶ 2-3. As the *Martinez* Court explained, "Although

---

[5]Because the criminal statute of limitations is Defendant's substantive right, we expressly do not consider civil statutes of limitation or any related tolling statutes. This opinion is not authority for any proposition not considered. *See Dominguez v. State*, 2015-NMSC-014, ¶ 16, 348 P.3d 183 ("[T]he general rule is that cases are not authority for propositions not considered." (internal quotation marks and citation omitted)).

[6]*Martinez* cites NMSA 1953, Section 40A-1-9 (1963), which was the prior codification of Section 30-1-9. *Martinez*, 1978-NMCA-095, ¶ 16.

a felony charge may be initiated by the filing of a complaint, the felony must be prosecuted by indictment or information" and "[a]t some point the complaint is superseded by an indictment or information." *Id.* ¶ 18. Indeed, the narrow question in *Martinez* was distinct from that in the instant case: Whether the timely criminal complaint that initiated the felony charges in magistrate court satisfied the statute of limitation even though the superseding felony indictment was filed in district court after the limitation period expired. *Id.* ¶¶ 2-3, 8. This Court decided the matter on the basis of "tolling." *Id.* ¶ 11 (internal quotation marks omitted). Citing several out-of-jurisdiction cases, this Court held that "[u]pon the filing of the indictment prior to dismissal of the complaint, the indictment was timely because the limitation period was tolled by the filing of the complaint." *Id.* ¶ 12. Each of these cases involved an original and a superseding charging document without any lapse between the two, and the courts held that the original indictment was sufficient to satisfy the statute of limitations.[7] *See Grady*, 544 F.2d at 601; *United States v. Panebianco*, 543 F.2d 447, 454 (2d Cir. 1976); *United States v. Wilsey*, 458 F.2d 11,

---

[7]The dissent logically concludes that because the *Martinez* Court bluntly stated it decided the matter based on "tolling" and also determined that Section 30-1-9 did not apply, this Court must have applied a form of nonstatutory tolling. *See dissent* ¶¶ 18-20; *Martinez*, 1978-NMCA-095, ¶¶ 11, 16. The facts in *Martinez*, however, did not involve a lapse of time between the filings and did not consider whether the limitation period stopped and restarted. For this reason, we cannot agree that *Martinez* implicitly acknowledged a form of nonstatutory tolling that it did not apply.

12 (9th Cir. 1972) (per curiam); *United States v. Garcia*, 412 F.2d 999, 1000-01 (10th Cir. 1969); *State v. Morris*, 340 P.2d 447, 450-51 (Idaho 1959); *State v. Donoho*, 210 N.W.2d 850, 850 (Neb. 1973). Thus, the *Martinez* Court considered the timely filing of a charging document within the statute of limitations and not whether the time period between the first timely filing and any subsequent refiling could be excluded by Section 30-1-9(B). *See Wilsey*, 458 F.2d at 12 (explaining that "the superseding indictments were brought while the statute still effectively was tolled and accordingly were timely brought"). The *Martinez* Court observed that Section 30-1-9 did not "expressly apply" to the *Martinez* facts, "nor did the Legislature intend it to apply." 1978-NMCA-095, ¶ 16. We therefore decline to read the *Martinez* Court's holding to permit nonstatutory tolling outside of the parameters of Section 30-1-9(B) to start and stop the limitation period set forth in Section 30-1-8(A) when the statutory tolling set forth in Section 30-1-9(B) applies to the circumstances of the case.

{13}     The State makes two additional arguments that we address in turn. First, the State contends that the application of Section 30-1-9(B) will result in absurdity because the requirement to bring a subsequent case within five years of the last charged act precludes the application of the tolling statute to second degree felonies.[8]

---

[8]The State observes that Section 30-1-9(B) will no longer apply to any felony, because since Section 30-1-9(B) was adopted, the limitation periods for third and fourth degree felonies have expanded from three to five years. *Compare* 1963 N.M.

13

Specifically, the State argues that Section 30-1-9(B) offers little benefit to prosecutions of crimes with limitation periods "of at least five years," because a subsequent complaint must be filed within five years of the charged conduct—one year sooner than the total limitation period for second degree felonies. We cannot agree that the limited reach of Section 30-1-9(B) when applied by its terms leads to an absurdity that this Court can correct. Section 30-1-9(B) applies only to limited, identified circumstances like the motion to dismiss for improper venue in the present case, *see also* § 30-1-9(B)(1)-(4), and we make no determination about the application of nonstatutory tolling apart from the present circumstances. Further, as Defendant argues, the terms of Section 30-1-9(B) and other Legislative enactments demonstrate that the Legislature intended to limit statutory tolling to certain

---

Laws, ch. 303, § 1-8(D) (providing a limitation period of three years for third and fourth degree felonies), *with* 1979 N.M. Laws, ch. 5, § 1(D) (amending Section 30-1-8(D) to provide a limitation period of five years for third and fourth degree felonies). It is for this reason that the dissent concludes that Section 30-1-9(B) does not apply to Defendant's charge. *Dissent* ¶¶ 24-27. We view the five-year limitation period to be a limitation on the benefit of tolling once it has been determined that the tolling provision applies and not criteria to determine whether the tolling provision applies in the first place. Whether changes to underlying limitation periods have substantially reduced or eliminated the tolling benefit for the State that Section 30-1-9(B) afforded is a legislative matter that is best suited for legislative consideration. *See State ex rel. State Eng'r v. Lewis*, 1996-NMCA-019, ¶ 16, 121 N.M. 323, 910 P.2d 957 ("[T]he consequences of a legislative policy embodied in an unambiguous statute are matters for the [L]egislature, not this Court."). Further, only second degree felonies are before us in this case, and we therefore limit our analysis accordingly.

identified circumstances and contemplated that statutory tolling might not always be available to extend statutory limitation periods.

{14} Section 30-1-9, which as we have noted was initially compiled as Section 40A-1-9, was enacted in its present form by the Legislature in 1963 and has not since been amended. *See* 1963 N.M. Laws, ch. 303, § 1-9. Section 30-1-8, compiled at that time as NMSA 1953, Section 40A-1-8 (1963), was enacted in the same legislative session as the tolling statute and then, as now, imposed a six-year limitation period on second degree felonies. *See* 1963 N.M. Laws, ch. 303, § 1-8(C) ("For a second degree felony, within six years from the time the crime was committed."). The Legislature has, however, repeatedly amended or added other statutory limitation periods. *See* 1997 N.M. Laws, ch. 157, § 1 (eliminating subsections providing limitation periods for capital and violent first degree felony crimes); NMSA 1978, § 30-1-9.1 (1987) (enacting a tolling statute for specific offenses against children); NMSA 1978, § 30-1-9.2 (2003) (permitting tolling for crimes involving criminal sexual penetration when DNA evidence exists but no suspect has been identified). The Legislature has left untouched the generally applicable limitation periods and tolling provisions. The effect of the statute's long history, as the dissent notes, has been to limit the applicability of Section 30-1-9(B) to certain categories of crimes. *Dissent* ¶¶ 24-27. If, however, the Legislature intended to limit Section 30-1-9(B) for the purpose of confining tolling to certain

categories of crimes, a more direct route would be to amend Section 30-1-9(B) to say so. Instead, the statute continues to apply broadly in the circumstances identified in Section 30-1-9(B)(1)-(4), and the five-year period is a limitation on the tolling benefit conferred by the statute. From this, we conclude that the Legislature is aware that tolling is not always available and the provisions of Section 30-1-9 account for the Legislature's intent to permit tolling under limited circumstances. *State v. Sotelo*, 2013-NMCA-028, ¶ 23, 296 P.3d 1232 ("We presume that the Legislature knows the law when enacting a statute." (alteration, internal quotation marks, and citation omitted)).

{15}     The State's second argument is that public policy counsels against applying Section 30-1-9(B), because defendants can "engage in gamesmanship" of the system by waiting to file motions to dismiss for improper venue until it would be impossible to bring the charges in the proper venue. We first observe that the state has a measure of control over a defendant's ability to engage in gamesmanship as well as a duty to bring a defendant to trial and accountability "for its own inaction." *State v. Serros*, 2016-NMSC-008, ¶ 41, 366 P.3d 1121 (considering the assignment of weight in the speedy trial context). Further, the opportunity for gamesmanship is limited. Rule 5-601(E) requires that such motions be filed within ninety days of arraignment absent good cause. *See Cruz*, 2010-NMCA-011, ¶ 17 (holding that an untimely objection to venue may be waived under Rule 5-601). The state is additionally not without

16

remedy if it appears refiling could be barred, because our Supreme Court has the authority of superintending control to transfer venue to the appropriate district. *See State v. Roybal*, 2006-NMCA-043, ¶¶ 28-32, 139 N.M. 341, 132 P.3d 598 (considering proper venue in a criminal case and applying *Marsh v. State*, 1980-NMSC-129, 95 N.M. 224, 620 P.2d 878). Considering the limited circumstances in which statutory tolling applies, the time limits for a defendant to raise the venue issue, and the availability of a remedy if refiling is barred, we are unpersuaded that the risk of gaming the system outweighs a defendant's substantive right to rely on the statute of limitations.

**CONCLUSION**

{16}   For these reasons, we vacate Defendant's convictions and remand for dismissal of the time-barred charges.

{17}   **IT IS SO ORDERED.**

_____
**KATHERINE A. WRAY, Judge**

**I CONCUR:**

_____
**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge (dissenting).**

**DUFFY, Judge (dissenting).**

{18}     *Martinez* opened the door to nonstatutory tolling in criminal cases nearly fifty years ago. That opinion left some ambiguity about the circumstances in which nonstatutory tolling applies. While there is certainly support for the majority opinion's conclusion that nonstatutory tolling only applies under limited circumstances, *Martinez* can also be read to have adopted nonstatutory tolling as a general principle that coexists with the tolling provided in Section 30-1-9. I would have affirmed the district court's decision to apply that general principle in this case.

{19}     As the majority opinion notes, the *Martinez* Court evaluated whether a felony indictment filed after the statute of limitations had run was timely; this Court concluded that it was timely because a criminal complaint for the charges had been filed before the statute ran and was still pending when the superseding indictment was filed. Importantly, the *Martinez* Court stated that while there is a valid view that the indictment was merely a continuation of the earlier case, it was specifically deciding the case on the basis of tolling. *See* 1978-NMCA-095, ¶ 12. The tolling rule, as expressed in *Martinez* and the cases it relied upon, states that the statute of limitations stops running upon the filing of the charging document and begins to run again upon dismissal. *See id.*; *see also Grady*, 544 F.2d at 601 ("Once an indictment is brought, the statute of limitations is tolled as to the charges contained in that indictment. . . . The statute begins to run again on those charges only if the

18

indictment is dismissed, and the [g]overnment must then reindict before the statute runs out or within six months, whichever is later, in order not to be time-barred."(citations omitted)); *Wilsey*, 458 F.2d at 12 ("The filing of an indictment results in a tolling of the statute upon the charges embraced. That tolling continues until the indictment is dismissed." (citations omitted)). Some version of this tolling rule is applied in the majority of jurisdictions.[9]

---

[9] 3 *Wharton's Criminal Procedure* § 14:26 Westlaw (14th ed. 2021 database updated 2021) ("In addition to the general rule that the filing of charges or the arrest of the defendant stops the clock for statute of limitations purposes, most jurisdictions that have enacted statutes of limitations have tolling provisions."); 5 Wayne R. LaFave et al., *Criminal Procedure* § 18.5(a) Westlaw (4th ed. 2022 database updated 2022) (stating that "it is commonly provided that the statute is tolled during the time a prosecution was pending for the same offense or, as it is put in some jurisdictions, for an offense arising out of the same transaction" (footnotes omitted)); Ala. R. Crim. P. 15.5(c) ("The running of the time prescribed by an applicable statute of limitations shall be tolled by the issuance of the charging instrument until such time as the court grants a motion to dismiss based on a defect in the commencement of the proceedings or in the charge, unless the court in granting the motion finds that the state has not made a good faith effort to proceed properly and that the defendant has been prejudiced by any resulting delay."); Ala. Code § 15-3-6 (1975) ("[T]he time elapsing between the preferring of the first charge or indictment and the subsequent indictment must be deducted from the time limited for the prosecution of the offense last charged."); Alaska Stat. § 12.10.040(b) (West 1962) ("The period of limitation does not run during any time when a prosecution against the accused for the same conduct is pending in this state."); Ark Code Ann. § 5-1-109(g)(2) (West 2021) (stating that the period of limitation does not run "[d]uring any period when a prosecution against the accused for the same conduct is pending in this state"); Cal. Penal Code § 803(b) (West 2022) ("The time during which prosecution of the same person for the same conduct is pending in a court of this state is not a part of a limitation of time prescribed in this chapter."); Colo. Rev. Stat. Ann. § 16-5-401(3)(a) (West 2022) ("The period within which a prosecution must be commenced does not include any period in which a prosecution is pending against the adult defendant or juvenile for the same conduct, even if the indictment, information,

complaint, or petition in delinquency which commences the prosecution is quashed or the proceedings thereon are set aside or are reversed on appeal."); *State v. Ali*, 660 A.2d 337, 342 (Conn. 1995) ("In jurisdictions where legislation requires the finding of an indictment or the filing of an information as the first step in a criminal case, the 'prosecution' is deemed commenced by either of these acts, and the running of the statute of limitations is thereby tolled."); Del. Code Ann. tit. 11, § 205(h)(3) (West 2014) (stating that the statute of limitations does not run "[d]uring any time when a prosecution, including a prosecution under a defective indictment or information, against the accused for the same conduct has been commenced and is pending is this [s]tate"); Haw. Rev. Stat. Ann. § 701-108(6)(b) (West 2021) (stating the period of limitation does not run "[d]uring any time when a prosecution against the accused for the same conduct is pending in this [s]tate"); *Morris*, 340 P.2d at 449 (noting that "in a proper case with proper pleading, the bar of the one year statute of limitation may be tolled"); 720 Ill. Comp. Stat. Ann. 5/3-7(a)(3) (West 2021) (stating that the periods excluded from limitation include when "a prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon are set aside, or are reversed on appeal"); *City of Keokuk v. Schultz*, 176 N.W. 946, 948 (Iowa 1920) (holding that "neither the dismissal nor the reinstatement changed the time at which the prosecution was actually commenced, and that was within statute time"); Kan. Stat. Ann. § 21-5107(e)(4) (West 2014) (stating that the limitations period will not include any period in which "a prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon are set aside, or are reversed on appeal"); *State v. Freeman*, 37,312 (La. App. 2 Cir. 7/16/03); 850 So. 2d 1088, 1089-90 (holding that "[t]he state is permitted to dismiss an indictment and institute new proceedings if it shows the dismissal was not for the purpose of avoiding the time limitation for commencement of trial as established by Article 578"); Me. Rev. Stat. Ann. tit. 17-A, § 8(3)(B) (West 2019) (stating that the periods of limitations shall not run "[d]uring any time when a prosecution against the accused for the same crime based on the same conduct is pending in this [s]tate"); *McMorris v. State*, 355 A.2d 438, 441 (Md. 1976) (holding that one looks at the date of issuance of a warrant rather than the date of a subsequent grand jury indictment to determine whether the statute of limitations has been tolled); *State v. Dwire*, 409 N.W.2d 498, 503 (Minn. 1987) (holding that "a defective indictment curable by reindictment tolled the statute of limitations"); Mo. Ann. Stat. § 556.036(6)(3) (West 2018) (stating that the period of limitations does not run "[d]uring any time when a prosecution against the accused for the offense is pending in this state"); *State v. Moga*, 1999 MT 283, 297 Mont. 1, ¶ 19, 989 P.2d 856 ("The running of the statute

of limitations is tolled when a prosecution is pending against the offender for the same conduct" under Mont. Code Ann. Section 45-1-206(3) (West 1973)); *Donoho*, 210 N.W.2d at 850 (allowing statutory tolling of the statute of limitations upon filing a felony complaint); N.H. Rev. Stat. Ann. § 625:8(VI)(b) (2019) (stating that the period of limitations does not run "[d]uring any time when a prosecution is pending against the accused in this state based on the same conduct"); N.J. Stat. Ann. § 2C:1-6(e) (West 2007) ("The period of limitation does not run during any time when a prosecution against the accused for the same conduct is pending in this [s]tate."); N.Y. Criminal Procedure Law § 30.10(4)(b) (McKinney 2019) ("When a prosecution for an offense is lawfully commenced within the prescribed period of limitation therefor, and when an accusatory instrument upon which such prosecution is based is subsequently dismissed by an authorized court under directions or circumstances permitting the lodging of another charge for the same offense or an offense based on the same conduct, the period extending from the commencement of the thus defeated prosecution to the dismissal of the accusatory instrument does not constitute a part of the period of limitation applicable to commencement of prosecution by a new charge."); *State v. Stevens*, 831 S.E.2d 364, 365 (N.C. Ct. App. 2019) ("A citation and misdemeanor statement of charges, as valid criminal pleadings, toll the two-year statute of limitations for misdemeanors. . . . The statute of limitations remains tolled by the criminal pleadings while that action is pending."); Ohio Rev. Code Ann. § 2901.13(I) (West 2016) ("The period of limitation shall not run during any time a prosecution against the accused based on the same conduct is pending in this state, even though the indictment, information, or process that commenced the prosecution is quashed or the proceedings on the indictment, information, or process are set aside or reversed on appeal."); 42 Pa. Stat. and Cons. Stat. Ann. § 5554(2) (West 1985) (stating that the period of limitation does not run during any time when "a prosecution against the accused for the same conduct is pending in this [c]ommonwealth"); *State v. Chernotik*, 2003 S.D. 129, ¶ 13, 671 N.W.2d 264, 268 (holding that the filing of the initial complaint may toll the statute of limitations and relate back to the filing of the initial complaint, if certain conditions are met); *Wilson v. State*, 882 S.W.2d 361, 364 (Tenn. Crim. App. 1994) (noting that "the statute of limitations was tolled when the arrest warrants or affidavit of complaints were filed shortly after the appellant's arrest"); Tex. Code Crim. Proc. Ann. art. 12.05(b) (West 1974) ("The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation."); *State v. Strand*, 674 P.2d 109, 110 (Utah 1983) ("The filing of an information commences the action and thus tolls the running of the applicable statute of limitations."); *State v. Stewart*, 438 A.2d 671, 673 (Vt. 1981) (holding that the statute of limitations in a criminal action is tolled by the filing of an indictment or

21

information); Wash. Rev. Code Ann. § 9A.04.080(4) (West 2022) ("If, before the end of a period of limitation prescribed in subsection (1) of this section, an indictment has been found or a complaint or an information has been filed, and the indictment, complaint, or information is set aside, then the period of limitation is extended by a period equal to the length of time from the finding or filing to the setting aside."); *State v. Boyd*, 543 S.E.2d 647, 650 (W. Va. 2000) ("Filing the complaint tolls the running of the statute of limitations."); *State v. Kollross*, 2019 WI App 30, ¶ 8, 388 Wis. 2d 135, 931 N.W.2d 263 ("In computing the time limited by this section, the time during which a prosecution against the actor for the same act was pending shall not be included." (omission, internal quotation marks, and citation omitted)); *see also* Ariz. Rev. Stat. Ann. § 13-107(G) (2021) ("If a complaint, indictment or information filed before the period of limitation has expired is dismissed for any reason, a new prosecution may be commenced within six months after the dismissal becomes final even if the period of limitation has expired at the time of the dismissal or will expire within six months of the dismissal."); Fla. Stat. Ann. § 775.15(4)(c) (West 2022) ("If, however, an indictment or information has been filed within the time period prescribed in this section and the indictment or information is dismissed or set aside because of a defect in its content or form after the time period has elapsed, the period for commencing prosecution shall be extended [three] months from the time the indictment or information is dismissed or set aside."); Ga. Code Ann. § 17-3-3 (West 1968) ("If an indictment is found within the time provided for in [Ga. Code Ann.] [§§] 17-3-1 [(West 2012),] 17-3-2 [(West 1969)], or other applicable statute, and is quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered."); Ind. Code Ann. § 35-41-4-2(g) (West 2023) ("If a complaint, indictment, or information is dismissed because of an error, defect, insufficiency, or irregularity, a new prosecution may be commenced within ninety (90) days after the dismissal even if the period of limitation has expired at the time of dismissal, or will expire within ninety (90) days after the dismissal."); Miss. Code Ann. § 99-1-9 (West 2023) ("When an indictment shall be lost or destroyed, or quashed or abated, or the judgment thereon arrested or reversed for any defect therein or in the record, or for any matter of form or other cause, not being an acquittal on the merits, the further time of one year from the time when such indictment shall be lost, destroyed, quashed or abated, or the judgment thereon arrested or reversed, shall be allowed for the finding of a new indictment."). The Model Penal Code also codifies this tolling rule, stating that "[t]he period of limitation does not run: during any time when a prosecution against the accused for the same conduct is pending in this State." Model Penal Code § 1.06(6)(b) (West 2021)).

22

{20} The crux of the dispute here is the interplay between nonstatutory tolling and our criminal tolling statute, Section 30-1-9. In *Martinez*, the defendant took the position that "having stated the situations in which tolling occurs [in Section 30-1-9], the Legislature excluded all other tolling situations." 1978-NMCA-095, ¶ 13. The *Martinez* Court rejected that argument, *id.* ¶ 19, noting that (1) the statutory tolling provision did not "expressly apply" and the Legislature did not intend it to apply under the circumstances of that case, *id.* ¶ 16; (2) the tolling statute did not express a legislative intent to bar the prosecution under the circumstances, *id.* ¶ 17; and (3) the section setting out the time limitations for commencing prosecution—what is now Section 30-1-8—evinced a legislative intent that nonstatutory tolling applies under the circumstances because the felony charges could be initiated by a complaint but must ultimately be prosecuted by an indictment or information,[10] and therefore, the complaint would need to be superseded at some point. *Martinez*, 1978-NMCA-095, ¶ 18. The *Martinez* Court ultimately concluded that nonstatutory tolling was consistent with the Legislature's intent under the circumstances of the case, thereby establishing that Section 30-1-9 does not contain the entire universe of tolling for criminal cases in New Mexico. *Martinez*, 1978-NMCA-095, ¶¶ 17-19.

---

[10]The *Martinez* Court drew this requirement from Article II, Section 14 of the New Mexico Constitution, which states in relevant part that "[n]o person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies." *See Martinez*, 1978-NMCA-095, ¶ 18.

{21} The issue before us today requires us to examine whether nonstatutory tolling applies under different circumstances, where the initiating complaint was dismissed before the second case was filed. The majority opinion concludes that nonstatutory tolling is inapplicable because, unlike *Martinez*, (1) the tolling statute applies to the facts of this case, and (2) the tolling statute expresses a legislative intent to *limit* the opportunities for tolling in circumstances where it applies. I take a different view: under the circumstances, the tolling statute expressly does not apply to the facts of this case, and the language, history, and purpose of Section 30-1-9 do not evince a legislative intent to limit other tolling mechanisms outside of the statute.

{22} First, under the plain language of the statute, the second degree felony convictions at issue in this case do not fall within the ambit of Section 30-1-9. Section 30-1-9(B)(4) concludes with a clause that states, "[T]he subsequent indictment, information or complaint [must be] brought *within five years from the date of the alleged commission of the original crime*." (Emphasis added.) Given this time limitation, Section 30-1-9(B) only ever operates to toll the limitations period in cases where the overall limitations period is less than five years. When the limitations period is five years or greater, the statute has no effect because the case must still ultimately be refiled within the basic limitations period. Consequently, statutory tolling under Section 30-1-9(B) expressly does not apply to any felony-

24

level offense, including the two second degree felonies at issue in this case, which are subject to a six year limitations period. *See* § 30-1-8.

{23}     Rather than a quirk or oversight, it appears that the Legislature intentionally limited Section 30-1-9(B)'s scope. The reason for that limitation can be explained by practical considerations having nothing to do with an overarching intent to limit other types of tolling. To understand this, a bit of statutory history is necessary.

{24}     The portion of the criminal tolling statute at issue dates back to 1912.[11] NMSA 1915, § 3370 (1912). The original enactment was virtually identical to Section 30-1-9(B) with one notable difference—the 1912 version did not contain the final clause requiring that the "the subsequent indictment, information or complaint [be] brought within five years from the date of the alleged commission of the original crime":

> When an indictment is lost, mislaid or destroyed, or when the judgment is arrested, or the indictment quashed, for any defect therein, or for the reason that it was not found by a grand jury regularly organized, or because it charged no offense, or for any other cause, or when the prosecution is dismissed because of a variance between the allegations in the indictment and the evidence, and a new indictment is thereafter presented, the time elapsing between the preferring of the first charge or indictment and the subsequent indictment shall not be included in computing the period limited for the prosecution of the offense last charged, provided that the offense last charged is based upon, or grows out of, the same transaction upon which the first indictment was founded.

---

[11]The tolling provided in Section 30-1-9(A) for instances where the accused leaves the state or conceals him- or herself dates back to 1876. *See* 1875-1876 N.M. Laws, ch. 13, § 2.

Section 3370. The five-year time limitation was added in 1963 when the Legislature undertook a comprehensive revision of the entire New Mexico criminal code.[12] Section 40A-1-9; *see also State v. Fellhauer*, 1997-NMCA-064, ¶ 6, 123 N.M. 476, 943 P.2d 123 (noting that a general revision of the entire criminal code occurred in 1963).

**{25}** While the 1963 enactment shows an intent to narrow the application of the tolling statute, the reason for the five-year limitation can be inferred based on the way statutory tolling functions. Whereas nonstatutory tolling only tolls the limitations period during the pendency of the criminal charges (and the clock begins to run again when the indictment, information, or complaint is dismissed), Section 30-1-9(B) tolls the limitations period from the filing of the first charging document *until the filing of the second charging document*. In cases where the original complaint is dismissed and some period of time elapses before the case is refiled, the statute remains tolled for the entire period; the clock would not start to run again upon the dismissal of the first case.[13] *See* Janet Boeth Jones, Annotation, *Finding or*

---

[12]At that time, the tolling statute would have applied to third and fourth degree felonies, which were then subject to a three or two year statute of limitations, respectively, along with less serious crimes, but still would not have applied to second degree felonies, which were subject to a six-year limitations period. *See* § 40A-1-8.

[13]Our Legislature clearly expressed this intent in the 1941 compilation, which titled the tolling statute as, "Successive charges for same offense—Intervening time excluded." NMSA 1941, § 42-903 (1912).

26

*Return of Indictment, or Filing of Information, as Tolling Limitation* Period, 18 A.L.R.4th 1202, § 26[b] (1982) (noting that "the statute's normal use would be after the defendant succeeded on demurrer or motion to dismiss").

{26}   Because Section 30-1-9(B) provides a potentially greater remedy in cases where it applies, there is a natural question as to why the Legislature would want to limit this benefit to crimes with shorter statutes of limitations—i.e., less serious offenses. The answer may be that under the pre-1963 version of the tolling statute, there was no outer limit for when the subsequent indictment must be filed, meaning that the tolling period could be nearly indefinite as long as an original indictment was presented within the limitations period. For example, a misdemeanor offense could be charged, dismissed, and refiled twenty years later, and this entire period would be excluded from the statute of limitations clock. Given this, it is reasonable to infer that the Legislature included a five year outer limit for refiling the charges in the 1963 version of the statute to ensure that less serious offenses do not linger in perpetuity.

{27}   With all of this in mind, I am persuaded that the Legislature expressly did not intend Section 30-1-9(B) to apply to more serious felony offenses with longer limitations periods, including the offenses at issue in this case.

{28}   I also see no indication that the Legislature, by enacting Section 30-1-9(B), sought to exclude other types of tolling for more serious offenses. Simply put,

27

Section 30-1-9(B) provides a significant benefit but suffered from potential for abuse, particularly for less serious crimes with short limitations periods. The Legislature's effort to rein in the statutory tolling period does not indicate that it intended to preclude all other tolling—it simply indicates that the Legislature sought to preclude *indefinite* tolling. Nonstatutory tolling does not suffer from that problem; it requires the State to actively and timely attempt to prosecute its case, and to refile the charges within the remainder of the limitations period in the event its first attempt is dismissed.

{29}     For all of these reasons, I respectfully dissent from the majority opinion and would have affirmed the district court's application of the general tolling rule in this case—that the timely filing for the State's first complaint tolled the statute of limitations, and thus, the State had approximately six months to refile the charges upon dismissal. The State timely did so.

_____
**MEGAN P. DUFFY, Judge**

28